CHARLES H. WALKLET, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANT.

ANNE E. (FISHER) LEFKOWITZ, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANT.

MILTON D. SWACKHAMER, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANT.

Argued January 16, 1934—Decided May 7, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutors, *Harry V. Osborne* and *Charles A. Malloy.*

For the defendant, *William A. Stevens,* attorney-general.

PER CURIAM.

The three matters above entitled come before the court on separate writs of *certiorari* but are argued as a single case. The question is whether the civil service commission, after determining that the prosecutors had been illegally discharged from their positions by the state highway commission on August 1st, 1933, has fulfilled its duty by ordering their reinstatement with pay as of various dates in October, 1933. The prosecutors contend that the reinstatement should have been without loss of pay as of the date of their discharge,

August 1st, 1933, and that the present action of the commission amounts to an illegal suspension for the intermediate period, without pay, without cause and contrary to the civil service laws.

All of the prosecutors were within the classified civil service of the State of New Jersey and were discharged from their positions in the state highway department either without cause or for reasons that the civil service commission determined were inadequate, and in each instance there were junior incumbents of the same classification retained. The implication is that the discharges were for reasons of economy and that the decision of the state highway commission not to reinstate them as of the date of wrongful discharge was for the same reason.

We regret that the inadequate records do not enable us to make definite disposition. The briefs assume that the action below was based upon a money-saving policy adopted by the civil service commission in a statement which is said to have been issued but which is not before us. Rules of the commission said to be controlling are referred to but are not made to appear. The record does not disclose whether the commission undertook to pass upon the right of the prosecutors to their several salaries for the time they were not in the state service or simply made reinstatement leaving open the right to *interim* compensation. If we are to understand that prosecutors seek the equivalent of a command upon the state to pay, we are not shown how this may be accomplished by *certiorari*. There is no proof as to what, if any, attempt was made by the prosecutors to obtain employment during the period of discharge, or as to what, if any, outside compensation was received during that period; and the briefs do not touch upon the relevancy of such questions.

Therefore we can only say, generally, that in our opinion the commission is not vested with authority to detach classified employes from their positions and their salaries, for the purpose of economy, while junior employes in the same classification remain undisturbed; and, specifically, that when a discharged employe raises, in his appeal to the commission,

the question of his right, under section 34 (*Pamph. L.* 1930, *ch.* 176), to restoration without loss of pay, he is entitled to a decision on the complete issue thus presented. The decisions as made fail, we think, to meet that requirement squarely in that while they provide that the prosecutors shall be restored to their respective positions and shall be paid from the time of their restoration, they contain no expression as to the intermediate period.

The decisions will therefore be set aside, to the end that the commission, either with or without further proofs, as it may determine, reach and express conclusions comprehensive of the issues. Costs will be allowed to the prosecutors.