CHARLES H. WALKLET, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY AND THE STATE HIGHWAY COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANTS.

ANNE E. (FISHER) LEFKOWITZ, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY AND THE STATE HIGHWAY COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANTS.

MILTON D. SWACKHAMER, PROSECUTOR, v. CIVIL SERVICE COMMISSION OF THE STATE OF NEW JERSEY AND THE STATE HIGHWAY COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANTS.

Argued October 10, 1934—Decided April 4, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutors, *Harry V. Osborne* and *Charles A. Malloy* (*Ervin S. Fulop,* on the brief).

For the defendants, *David T. Wilentz,* attorney-general, *Pierre P. Garven* and *Benjamin C. VanTine.*

The opinion of the court was delivered by

HEHER, J.   The question here presented is the right of prosecutors to the stipulated compensation for the period intervening between their removal from their respective positions in the state highway department, and their reinstatement by order of the civil service commission.   The latter commission held that the removals were in violation of prosecutors' rights as members of the classified civil service.   In each case it was provided that the reinstatement should carry pay, at a given base rate, from the date that it was ordered; and this court, on *certiorari,* held that the prosecutors were "entitled to a decision on the complete issue thus presented," and that, inasmuch as the civil service commission made no decision "as to the intermediate period," the orders in question should be set aside, to the end that the commission, either with or without further proofs, "reach and express conclusions comprehensive of the issues."   12 *N. J. Mis. R.* 443; 172 *Atl. Rep.* 363.   The following supplemental determinations were thereupon made by the civil service commission:

*Re Walklet:*   This prosecutor was a material inspector; and it is conceded that his removal was in violation of his seniority rights.   The highway department evidently sought to justify its action on the ground that the proper performance of the duties of this position required the use of an automobile, and that prosecutor was not capable of driving one. The civil service commission originally concluded that prosecutor was competent to do the work assigned to another at a quarry in New York State; and, in its supplemental determination, held that, inasmuch as the prosecutor had not theretofore indicated a willingness to accept the mentioned assignment, and there was doubt "as to whether he could actually perform the duties at that particular point, * * *

reinstatement with pay during the period that he did not render services would be against public policy."

*Re Lefkowitz:* The commission found that the action taken was not a "dismissal," but a "lay-off in a general reduction of the working forces of the department;" and that it "regarded the loss of time without pay from August 1st, 1933, to October 4th, 1933, as the petitioner's contribution in the sharing of employment with her fellow employes when the departmental authorities have been, in the discharge of their administrative responsibilities, faced with the clear necessity of reducing the number of employes commensurate with the reduced volume of work to be performed."

*Re Swackhamer:* While his removal was, as in the cases of Lefkowitz and Walklet, asserted to have been the result of an enforced reduction of personnel, the highway commission later preferred charges of inefficiency and neglect in the performance of his duties. The civil service commission originally found that the evidence did not "substantiate the reasons given," and in its supplemental determination stated that it intended to hold that the prosecutor "had not entirely dissipated all of the charges," and "merited another chance to demonstrate his ability to perform the duties of a process server in a satisfactory manner," and that its purpose was "to provide for this further opportunity to set aside the penalty of permanent removal contemplated under the action of the highway commission, and to substitute therefor the loss of position and pay for the period from August 1st, 1933, to October 10th, 1933."

These determinations have been brought up by separate writs of *certiorari.* It is not open to question that the civil service commission lacks authority to impose a penalty, or loss of pay in the nature thereof, where charges of misconduct or inefficiency are not sustained by the evidence. The right to impose a penalty of necessity presupposes misconduct or inefficient performance or dereliction of duty. The grounds subsequently urged by the highway commission for the removal of Swackhamer and Walklet were not supported by the evidence; and the civil service commission was justified

in so concluding. That being so, it cannot defend the loss of pay in the one case as in the nature of a penalty. The question remains, whether it is within the power of the civil service commission, in ordering the reinstatement of civil servants within the classified civil service, who are removed in violation of their seniority rights, to decree the loss of pay for the period, or a part thereof, when no service was rendered through the operation of the removal order. This must be answered in the negative. *Ross* v. *Freeholders of Hudson,* 90 *N. J. L.* 522.

And we see no force in defendants' claim, in the Lefkowitz case, that where a position has been "abolished for reasons of economy, or otherwise, and not because of delinquency" (the statutory language), the "approval" of the civil service commission is necessary before "any right of demotion accrued to" the prosecutrix, and that it rests within the sound discretion of the commission "to grant or withhold said approval." *Pamph. L.* 1916, *p.* 264. The highway commission did not invoke this statute. In fact, it sought the removal of prosecutrix in violation of its terms, and the statute is therefore not applicable. Moreover, the right thus conferred is not a discretionary one; the approval of the civil service commission was obviously designed to safeguard the rights of the holder of the abolished position, and to insure observance of the Civil Service law.

The pertinent provision of section 34 of the act of 1930 (*Pamph. L.* 1930, *pp.* 606, 626), vests no discretionary authority in the civil service commission to deprive a member of the classified service of his compensation for the period during which he has been unlawfully deprived of his position, in violation of his statutory seniority rights. Where the removal is without warrant in law, the restoration cannot be conditioned upon loss of compensation for the period of the unlawful deprivation of the position. This is the evident legislative purpose; in fact, the statute expressly provides that the commission's "decision shall state whether the removal of such employe is approved or whether he is to be restored to his position without loss of pay, transferred to

another position in the same class, fined, demoted, suspended without pay or with reduced pay for a period not exceeding six months or to be reprimanded or otherwise dealt with." As pointed out, disciplinary action must be predicated of a finding of "just cause," in the sense of misconduct, or inefficient performance or dereliction of duty.

The orders are therefore modified in conformity with this opinion.