JULIUS J. NEWMARK, PROSECUTOR, v. THE CIVIL SER-VICE COMMISSION OF THE STATE OF NEW JERSEY, AND THE STATE HIGHWAY COMMISSION OF THE STATE OF NEW JERSEY, DEFENDANTS.

Argued May 9, 1935—Decided September 21, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Harry V. Osborne* and *Ervin S. Fulop*.

For the defendants, *Pierre P. Garven* and *Benjamin C. Van Tine.*

PER CURIAM.

The matter comes up on two writs designated in the papers as the "original" writ and the "supplemental" writ. The first writ calls for two orders made by the civil service commission, one on November 14th, 1933, and the other made on December 19th, 1933. The second brings up an order made June 19th, 1934, which validated the withholding, as on a

penalty, from the prosecutor of his salary during a part of the period following his wrongful discharge and preceding his reinstatement; and it is now conceded that the question there involved has been determined favorably to the prosecutor by the holding in *Walklet* v. *Civil Service*, 114 *N. J. L.* 582; 177 *Atl. Rep.* 894.

The essence of the November 14th, 1933, order is contained in the last two paragraphs thereof, which read as follows (the appellant therein referred to being the prosecutor, Julius J. Newmark) :

"It is the conclusion of the civil service commission that the appellant is clearly entitled, under the law, to the same or a comparable position in the state highway department under whatever title it may be called, carrying a compensation similar or comparable to the compensation received at the time of the termination of his services less the same percentage deductions that have been applied to other employes receiving the same or comparable salaries in the department, therefore,

It is hereby ordered, that the said Julius J. Newmark be reinstated to the same or a comparable position in the state highway department, under whatever title it may be called, carrying a compensation similar to the compensation received by him at the time of the termination of his services, less the same percentage deductions that have been applied to other employes, effective October 1st, 1933."

The position previously held by prosecutor was that of "supervising right of way engineer" with a base salary of $5,100 per year. That position the highway commission abolished. It created a new arrangement of the work, taking certain engineering duties out of the office and putting in additional supervision of titles and appointed at the head thereof two men, who had never been in the department and who were not in the classified civil service, one with a base salary of $5,555.55 and the other with a base salary of $4,500. Prosecutor appealed to the civil service commission and obtained the order of November 14th. The highway commission thereafter gave prosecutor the position which he now holds, at a base salary of $4,000. Prosecutor again went to

the civil service commission which thereupon made the order of December 19th, finding:

"It is the conclusion of the commission that the action of the highway department in offering Mr. Newmark the position of engineer in the real estate division, at $4,000 per annum, constitutes substantial compliance with the commission's findings under date of 11-14-33, and that if Mr. Newmark desires to continue in the employ of the state highway department, he should report immediately for duty."

Prosecutor does not attack the order of November 14th. He brings it up for the purpose of establishing that the later order, finding factually a compliance therewith, is in error. The November order stands, in so far as it goes, as the law of the case. The question left to us is whether the position which the highway commission ultimately gave to prosecutor is the same, or a comparable, position as that which he held at the time of his removal, and whether the new position carries a compensation similar to his former compensation.

As things originally were the position held by prosecutor was the key position in making contacts with owners of the lands necessary for rights of way and in fixing prices which the state, without recourse to condemnation, would pay. Prosecutor had the university degree of civil engineer and was licensed as a civil engineer, as a highway and municipal engineer and land surveyor, and as a real estate broker. Shortly after the state undertook its modern road-building system he was, on August 16th, 1917, appointed chief of survey party. By either changes in title or promotions upon civil service examination he became, successively, assistant civil engineer, assistant division engineer, survey engineer, resident engineer, office engineer and supervising right of way engineer. From a salary of $125 per month at his first employment he was advanced from time to time until, in 1929, he was receiving $425 per month, the compensation which, less the ten per centum statutory deduction, he was receiving on August 1st, 1933, when his services were terminated. These changes in position, title and salary, with civil service commission approval, all appear upon the records of that commission.

Did the highway commission comply with the order of November 14th, 1933, and restore prosecutor to his position of supervising right of way engineer, or give him a comparable position with similar compensation? We think not.

In the reorganization prosecutor was detached from his former duties and the two men above mentioned were appointed. The work which remained to the new appointees was essentially of a type which prosecutor had performed, for which the civil service commission had found him competent and from which it had refused to remove him. From being the head of the division of appraisals and negotiations, better known as the right of way division, with a force averaging eighteen draftsmen and engineers, prosecutor was transferred to the task, without assistance, of drafting maps for purposes of maintaining a record of the accomplished work, a duty formerly performed by draftsmen under his direction, and a desk for his new work was set up in the file room of the department.

Obviously prosecutor's present position is not the same as that which he previously held, and we find that it is not a comparable position. Also, clearly, an annual salary of $4,000 is not similar to one of $5,100. The civil service commission erred in finding that the highway commission had substantially complied with the earlier order.

The orders of December 19th, 1933, and of June 19th, 1934, will be set aside.