TOWN OF WEST NEW YORK, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT AND CROSS-RESPONDENT, v. HARRY BOCK, RESPONDENT AND CROSS-APPELLANT, AND DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, RESPONDENT AND CROSS-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 30, 1961—Decided December 14, 1961.

144

Before Judges PRICE, SULLIVAN and LEONARD.

*Mr. Samuel L. Hirschberg* argued the cause for appellant and cross-respondent.

*Mr. Sidney I. Turtz* argued the cause for respondent and cross-appellant (*Messrs. Cohen & Turtz,* attorneys; *Mr. Turtz,* of counsel).

*Mr. William L. Boyan,* Deputy Attorney General, argued the cause for respondent and cross-respondent (*Mr. David D. Furman,* Attorney General, attorney; *Mr. Boyan,* of counsel).

The opinion of the court was delivered by

LEONARD, J. S. C. (temporarily assigned). This is an appeal and cross-appeal from a determination and decision of the Department of Civil Service.

Respondent and cross-appellant Harry Bock (Bock) was appointed to the fire department of appellant and cross-respondent Town of West New York (town) on February 1, 1943 and has been continuously employed therein until his removal therefrom as hereinafter stated.

On October 6, 1959 Bock was served with written notice advising him he was suspended from his position because he was late for duty on three specific occasions during September and October of that year. Said notice further advised him that a hearing on said charges would be held before the Director of the Department of Public Safety of town (director) on October 13, 1959. Bock appeared at the scheduled hearing without counsel and plead guilty to said charges. Testimony was then adduced of the past record of his tardiness. At the conclusion thereof, director removed him from his position.

On October 19, 1959 Bock appealed to Department of Civil Service (Department), and on February 11, 1960 it held a *de novo* hearing. At this hearing he again plead

guilty, and at the close of town's case his attorney rested without any witness or testimony. Eleven months after said hearing, Department rendered its decision whereby it reversed Bock's removal and substituted therefor a suspension running from the date of his original suspension to the date of its order, a period of some 15 months.

## Town's Appeal.

Town suggests that Department does not have "power" to modify a penalty which is supported by good and sufficient cause. This argument is predicated upon the fact that town functions under a commission form of government and that each commissioner is to be afforded an unusually high degree of authority over his departments. . Similar arguments were held untenable in *City of Newark v. Civil Service Commission*, 114 *N. J. L.* 406 (*Sup. Ct.* 1935). The court therein, at *p.* 411, stated:

"* * * [A] .decision rendered by the Civil Service Commission is not an attempt to regulate the internal affairs of the Department of Public Safety of the city of Newark. The Municipalities act, the Walsh act and the Civil Service act, of our state, with respect to the matters in issue, are properly recognized and treated as statutes *in pari materia*."

*R. S.* 11:15–6 gives Department right to modify a penalty imposed by a municipality after a *de novo* hearing. Town urges *Harrison v. State Bd. of Education*, 134 *N. J. L.* 502 (*Sup. Ct.* 1946), as support for its position. *Harrison* did not involve a review under *R. S.* 11:15–6 and is therefore not pertinent.

Town next argues there was insufficient factual background to warrant modification. Although this court undoubtedly has the power to review Department's action and, if necessary, make independent findings thereon, *R. R.* 4:88–13, 1:5–4(*b*) and 2:5, it will not substitute its judgment for that of Department where there is proof to support the latter's action and its judgment is not arbi-

trary, capricious or unreasonable. *Borough of East Paterson v. Civil Service Department of N. J.*, 47 *N. J. Super.* 55, 65 (*App. Div.* 1957). Under the circumstances the penalty of dismissal imposed by director was too severe. We conclude the action of Department in modifying the penalty was a reasonable exercise of its statutory authority supported in the record. The legality of the penalty imposed by Department is hereinafter determined.

### Bock's Cross-Appeal.

Bock urges as grounds for reversal of Department:- (1) it exceeded its powers in imposing a period of suspension of over six months; (2) it refused to permit testimony to show he was discharged for political reasons; (3) it should have dismissed the charges against him because town failed to comply with requirements of *N. J. S. A.* 40:47-6; (4) it should have dismissed the charges because he was found guilty on charges not included in the original municipal notice, *i. e.*, his prior record of tardiness; (5) he was misled into pleading guilty before director because town's original notice of intended action had checked thereon the box "Suspension" rather than the box "removal."

### (1).

Bock relies upon *R. S.* 11:15-6 which provides:

"The commission shall, within fifteen days after the completion of the investigation, inquiry or hearing, and sooner if practicable, render a decision to be forthwith certified to the appointing authority who shall forthwith enforce the same.

The decision shall state whether the removal of the employee is approved, or whether he is to be restored to his position without loss of pay, transferred to another position in the same class, fined, demoted, suspended without pay or with reduced pay, for *a period not exceeding six months*, or to be reprimanded or otherwise dealt with.

The commission may, when in its judgment the facts warrant it, modify or amend the penalty imposed by the appointing authority or substitute another penalty for that imposed, except that removal

from the service shall not be substituted for a lesser penalty." (Emphasis added)

We concur with his interpretation of this statute. It gives Department power to modify or amend a penalty imposed by the appointing authority or to substitute another penalty for that imposed. In the event of removal of an employee, it gives Department the right to approve the removal or to restore him to his position. If restored, Department has the authority to suspend him without pay, but this last power is limited to "a period not exceeding six months." Since this limitation does not merely involve procedure but affects substantive rights of the employee (loss or reduction of pay), we hold it to be mandatory and not directory.

Bock was originally suspended October 6, 1959. In view of the period of time that has since elapsed we are of the opinion that justice requires a full determination of all issues herein as promptly as possible. Therefore, we shall not remand to Department for the imposition of a penalty but shall assume original jurisdiction for the purpose of imposing same. *R. R.* 1:5–4(*a*); 2:5; 4:88–13. Upon a review of the facts as contained in the record, we independently conclude that the imposition of a penalty upon Bock of six months' suspension without pay from the date of his original suspension is reasonable and proper.

(2).

The consideration of *bona fide* action on the part of the municipality is an essential part of Department's reviewing function, with respect to the issues of both guilt and penalty. *Borough of East Paterson v. Civil Service Dept. of N. J., supra; Devine v. City of Plainfield,* 31 *N. J. Super.* 300 (*App. Div.* 1954). This includes the consideration of whether or not the municipal action was prompted by political activity. *Weaver v. New Jersey Dept. of Civil Service,* 6 *N. J.* 553, 558 (1951). See also—

*R. S.* 11:17–1 and 40:47–6. Bock's plea before Department removed the issue of his guilt from that hearing. The only issue remaining was the penalty to be imposed. The burden of proving bad faith was upon Bock. *Chirichella v. Dept. of Civil Service,* 31 *N. J. Super.* 404 (*App. Div.* 1954). He offered no affirmative evidence of the same. He was not prevented from so doing; it was a voluntary decision on his part. His present complaint, that he was prevented from so doing in the cross-examination of town's witnesses, is without merit. The record indicates that this attempted cross-examination was outside the scope of the direct examination and the objections thereto were properly sustained.

(3).

▇▇ The hearing at the municipal level was not held within a period of 15 to 30 days after service of the charges, as provided in *N. J. S. A.* 40:47–6; it was held before the expiration of the 15-day period. Bock argues this violation is fatal. While the aforesaid statute so provides, it further states: "It is the intent of this section to give every person against whom a charge or charges for any cause may be preferred under this article a fair trial upon said charge or charges and *every reasonable opportunity to make his defense if any he has or chooses to make* * * *."* (Emphasis added.) There is no similar limitation set forth in all of *Title* 11. *N. J. S. A.* 11:22–38, in dealing with removal, reduction, etc. of municipal employees, merely provides that such employee must be furnished with a written statement of the reason for such action by the appointing authority and that such municipal employee must be allowed "a reasonable time to make answer thereto. * * *" Bock did not, at the municipal level, raise an objection that he was not given sufficient time. To the contrary, he plead guilty. Having chosen not to make a defense, he cannot now complain he was not given reasonable opportunity to make the same.

(4).

 While the past record of an employee is not admissible to establish the charges upon which his dismissal is predicated, *Dutcher v. Dept. of Civil Service,* 7 *N. J. Super.* 156 (*App. Div.* 1950), such past record may be considered in determining the penalty to be imposed. *Rushin v. Board of Child Welfare,* 65 *N. J. Super.* 504 (*App. Div.* 1961). By reason of Bock's plea, imposition of penalty was the only issue before director. Therefore, the past record could be considered by him for that purpose. However, the penalty cannot be imposed as punishment for his past record, it must bear a reasonable relation to the offense for which he is presently charged.

(5).

 We deem this point to be without merit. The preliminary notice complied with *R. S.* 11:15-3 as to form. While it would have been more accurate for the form to have been checked in the box designated "Removal," the record indicates Bock fully understood the charges to which he plead guilty. See *Marro v. Civil Service Dept.,* 57 *N. J. Super.* 335 (*App. Div.* 1959). It is further noted that no claim is made herein that Bock was misled when he again plead guilty before Department. The proceeding before Department was a *de novo* hearing; it was an independent one and a determination upon the merits. Thus, the irregularity was not prejudicial. *Marro, supra.*

In accordance with the above, we do hereby impose upon Bock a suspension without pay for six months from the date of his original suspension. In all other respects, the determination of Department is affirmed.

No costs are allowed to any of the parties.