MAX TELESNICK, PLAINTIFF-RESPONDENT, v.
CITY OF NEWARK, DEFENDANT-APPELLANT.

Argued May 22, 1973—Decided June 19, 1973.

Mr. Donald S. Coburn, Assistant Corporation Counsel, argued the cause for appellant (Mr. William H. Walls, Corporation Counsel, attorney).

Mr. John E. Hughes argued the cause for respondent (Mr. Mario V. Farco, attorney).

The opinion of the Court was delivered by

SULLIVAN, J. Plaintiff, an employee of the City of Newark holding permanent status as "Laborer Driver" in the classified Civil Service, was indicted on January 30, 1967 for extortion. He was suspended from his employment on February 2, 1967 pursuant to Civil Service Rules 59(G) and (K).

Previously and on October 12, 1966, plaintiff, while at work, suffered a disabling heart attack. He filed a claim for workmen's compensation and ultimately was awarded $10,125 for 50% permanent disability resulting from the heart attack. He was also found to be eligible for benefits under the Second Injury Fund (N. J. S. A. 34:15–94 et seq.) due to total and permanent disability resulting from the combination of his work-connected heart attack and his preexisting, non-work related diabetes mellitus and a circulatory defect in both legs requiring continuing physical care.[1]

At the compensation hearing plaintiff testified that the last day he worked for the City was October 12, 1966 and that he had been unable to do any work since then. As here-

---

[1] As a result of plaintiff's physical condition one of his legs was amputated in 1967 and the other amputated in 1968.

tofore noted, following plaintiff's indictment a formal order of suspension was entered on February 2, 1967.

Several dates were set for trial of the criminal charges, but were postponed on plaintiff's application because of his inability to appear in court. Finally, on April 30, 1969 the indictment was dismissed on the prosecutor's recommendation, one of the stated reasons being the unlikely prospect of ever getting plaintiff into court because of his physical condition.

Immediately following dismissal of the indictment, plaintiff's attorney made a written demand on defendant for all moneys due plaintiff. A hearing was held on May 15, 1970 before the Director of the Department of Public Works and on June 18, 1970 the Director, by letter, found "no cause" for plaintiff's suspension and ordered him reinstated to his position. The decision made no reference to plaintiff's claim for all moneys due him. Plaintiff died eight days later.

Thereafter, a civil action was filed on plaintiff's behalf in the Law Division for salary withheld by the City during the period of suspension. Ultimately, the trial court entered judgment in favor of plaintiff for the full amount of salary claimed. The Appellate Division affirmed in an unreported opinion. We granted certification to review defendant City of Newark's contentions, asserted at trial, that plaintiff's claim for back pay was not the proper subject of a civil action in the Law Division, but was a matter for administrative decision under Civil Service Law and that, in any event, the claim was subject to mitigation or denial under the particular factual circumstances. 63 *N. J.* 250 (1973).

We are in full agreement with the jurisdictional position asserted by defendant City of Newark. There are reported cases in this State, such as *McGrath v. Jersey City,* 70 *N. J. Super.* 143 (Law Div. 1961), affirmed 38 *N. J.* 31 (1962), where a public employee recovered a judgment in the Law Division for salary withheld during a period of illegal suspension. These actions were brought under *N. J. S. A.* 40:46–34 (now 40A:9–172) which provided:

"Whenever a municipal * * * employee * *· * has been * * * illegally * * * suspended from his * *· * employment, and such * * * suspension has been * *· * judicially declared·illegal, he shall be entitled to recover the salary of his * * * employment for the period covered by the illegal * * * suspension."

However, in *Mastrobatlista v. Essex County Park Commission,* 46 *N. J.* 138, 150 (1965) we held that claims by Civil Service employees for back salary withheld during a period of improper suspension or dismissal should be pursued under established administrative procedures rather than by a civil action in the Law Division. We also confirmed the power of the administrative body, not only to require mitigation, but also to deny back pay where the "special circumstances" justly called for such action. In *Mastrobattista, supra,* at p. 148, commenting on *McGrath* (a Civil Service employee situation) we said:

"Nowhere in the Law Division or in this Court was any issue raised * * * nor was any question raised as to the plaintiff's failure to exhaust his administrative remedies * * *. It may well be that, if these matters had been presented, the result would have been a remand to the Commission to provide for back pay less appropriate mitigation."

In *Mason v. Civil Service Commission and City of Trenton,* 51 *N. J.* 115 (1968) we held that the. Legislature in adopting certain amendments and supplements to the Civil Service Act had created a complete uniform system of Civil Service Commission treatment of appeals by disciplined, classified Civil Service employees, including their claims for back pay for a period of illegal suspension, thereby superseding *N. J. S. A.* 40:46–34, *supra,* with regard to municipal employees who are subject to the provisions of the Civil Service Act.

■■ These decisions require that the judgment below be vacated and the matter remanded to the Director of the Department of Public Works for hearing and decision on plaintiff's claim for back salary covering the period of his

suspension. Mitigation or even denial of back pay should be ordered if there are special circumstances justly calling for such action. We agree with defendant's contention that at the hearing on remand it would have the right to present proof as to whether plaintiff was physically incapable of working during the period of suspension. Such incapability, if established, would. be a "special circumstance" justifying mitigation, or denial of back pay.[2] It is of no moment that defendant did not commence formal proceedings under Civil Service Rules to terminate plaintiff's employment for alleged inability to work. Plaintiff was under formal suspension at the time, and final disposition of his status was awaiting the outcome of the pending criminal charges against him.

We reverse the judgment of the Appellate Division and remand the matter to the Director of the Department of Public Works for hearing and decision on plaintiff's claim for back pay, the same to be completed within 60 days from the coming down of this opinion. Either party may have review of the Director's decision in accordance with established procedure. We do not retain jurisdiction. No costs.

*For reversal and remandment*—Chief Justice WEINTRAUB, Justices PROCTOR, MOUNTAIN and SULLIVAN, and Judge CONFORD—5.

*For affirmance*—None.

---

[2] Plaintiff should have the opportunity to show how much "Sick Leave," if any, to which he was entitled.