HARRY P. TAYLOR, APPELLANT, v.
DEPARTMENT OF CIVIL SERVICE, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 17, 1978—Decided May 9, 1978.

Before Judges ALLCORN, HORN and FURMAN.

*Mr. Harry P. Taylor,* attorney *pro se,* for appellant.

*Mr. John J. Degnan,* Attorney General, attorney for respondent (*Mr. William F. Hyland,* former Attorney General; *Ms. Erminie Conley,* Deputy Attorney General, of counsel; *Mr. Peter J. Calderone,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

HORN, J. A. D. Appellant contends in this appeal that respondent Department of Civil Service (Department) erroneously denied his request for loss of pay which admittedly resulted from what the Department asserts was an "administrative error." In view of that admission we need only recount a part of the factual events which led to appellant's claim.

Appellant held a position of Safety Engineer I in the New Jersey Department of Labor and Industry, which was covered under the Civil Service Act, *N. J. S. A.* 11:4–3. On April 1, 1975, due to a reduction in force, he was laid off. Pursuant to *N. J. S. A.* 11:15–9 and *N. J. A. C.* 4:1–16.5 he was en-

titled to have his name placed on a special reemployment list and

\* \* \* \* \* \* \* \*

(c) When an office or position of the same or comparable duties and responsibilities to that previously held by the employee is to be filled in the same organization unit, his name shall be certified from the special reemployment list for appointment;

(d) If a comparable position in any other unit is to be filled by appointment from an open competitive eligible list, or a regular reemployment list, the name of the employee on the special reemployment list shall be certified before using the open competitive list or a regular reemployment list. [*N. J. A. C.* 4:1–16.5]

Due to said error in the Department, instead of being certified under said regulation as of April 1, 1975 when he was laid off, appellant was not certified until July 1976.[1] Ultimately the Civil Service Commission determined that appellant be given permanent status, for seniority and record purposes only, retroactive to April 1, 1975. His request for back pay was denied by the Commission.

The sole question is whether the Civil Service Commission correctly denied appellant's request for back pay. We need not determine the amount of pay lost by appellant as a result of the error, because in our view the Civil Service Commission correctly denied his request.

Appellant's brief does not go beyond arguing his entitlement on the basis of the administrative error and his consequential loss. Respondent resists appellant's demand because it asserts that (1) it lacks authority to order the reimbursement of appellant for back pay under the circumstances and (2) his claim is cognizable only by a proceeding under the Tort Claims Act, *N. J. S. A.* 59:1–1 *et seq.* We agree.

█ The Civil Service Commission may only exercise those powers which are expressly conferred by statute or which,

---

[1]Shortly after April 1, 1975 appellant assumed employment as a Senior Environmental Engineer in the Department of Environmental Protection (salary range 22).

by fair implication and intendment, are incident to the powers expressly conferred. *Tanis v. Passaic Cty.*, 126 *N. J. L.* 303, 305 (E. & A. 1941); *Newark v. Civil Service Comm'n*, 115 *N. J. L.* 26, 29 (Sup. Ct. 1935). We are unable to find either an express statutory grant or any implied grant of power to respondent to award back pay by reason of its own error.

*N. J. S. A.* 11:15–4–6 provides that following removal of a covered employee by an appointing authority the Civil Service Commission may investigate and conduct a hearing concerning same, and:

\* \* \* \* \* \* \* \*

The decision [of the Commission] shall state whether the removal of the employee is approved, or whether he is to be restored to his position without loss of pay, transferred to another position in the same class, fined, demoted, suspended without pay or with reduced pay, for a period not exceeding six months, or to be reprimanded or otherwise dealt with. \* \* \* [*N. J. S. A.* 11:15–6]

We are unable to spell from this statute any such authority as is necessary to enable respondent to comply with appellant's demand. First, the quoted statute authorizes the Commission to direct only the appointing authority to restore an employee to his position without loss of pay. In the present case respondent was not the appointing authority and it was not acting in review of the action of an appointing authority that had removed an employee. *Cf. Mason v. Civil Service Comm'n*, 51 *N. J.* 115 (1968). Second, the cause of the oversight which affected appellant was probably in the nature of negligence, for which a remedy may be afforded under the Tort Claims Act, *N. J. S. A.* 59:1–1 *et seq.* Although *N. J. S. A.* 11:5–1e places the responsibility upon the Civil Service Commission to

\* \* \* [h]ear and determine such appeals respecting the administrative work of the department, including appeals from the allocation of positions, the rejection of applicants for admission to ex-

amination, and the refusal to certify the name of an eligible, as may be referred to the commission by the chief examiner and secretary.

it goes no further than this. It does not treat of removed employees. It would be incongruous to construe the Civil Service Act as authorizing the Civil Service Commission to rectify its own errors, tortious or otherwise, in the face of the Tort Claims Act, which specifically deals with the appropriate procedures and guidelines for recovery. Also, in the absence of appropriate legislative authority, our law does not countenance the payment of compensation to public employees if they do not perform services for it, regardless of why they fail to do so. *DeMarco v. Bergen Cty. Bd. of Chosen Freeholders,* 21 *N. J.* 136, 141–142 (1956). See also *Springfield Tp. v. Pedersen,* 73 *N. J.* 1, 6 (1977).

Since this matter is not before us under the Tort Claims Act, we do not express any opinion either as to the merits of appellant's claim under the Tort Claims Act or as to the appropriate procedures thereunder. These are matters which must be determined in an appropriate setting. Such a setting is not present here.

The determination of respondent denying back pay to appellant is affirmed.