162 N.J. Super. 177 (1978)
392 A.2d 616
JACK FELDMAN, APPELLANT,
v.
TOWN OF IRVINGTON FIRE DEPARTMENT, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1978.
Decided September 22, 1978.
*179 Before Judges LORA and LARNER.
Mr. Charles M. Grossman argued the cause for appellant (Messrs. Diamond, Grossman, Pitman & Anzaldi, attorneys; Mr. Grossman and Mr. Bruce M. Pitman, on the brief).
Mr. Salvatore Muscato, Assistant Town Attorney of Irvington, argued the cause for respondent (Mr. Henry E. Rzemieniewski, Town Attorney, Manville, attorney).
The opinion of the court was delivered by LARNER, J.A.D.
This is an appeal from the determination of the Civil Service Commission which found Jack Feldman, a fireman employed by the Town of Irvington, guilty of two departmental charges and affirmed the sanction of discharge imposed by the employer. The infractions leading to appellant's discharge consisted of (1) failure to report to the fire apparatus on October 17, 1976 pursuant to a box alarm, and (2) violation of sick leave procedure by failing to inform the supervisor on November 29, 1976 that Feldman's physician advised that he would be able to return to light work when he felt better.
We are satisfied that the record amply supports the Commission's finding that Feldman did in fact violate the regulations of the department with respect to the two charges at issue. We do, however, conclude that the penalty of discharge *180 is so utterly disproportionate with the offenses and the mitigating factors involved therewith that the administrative decision is arbitrary and unreasonable. Sabia v. Elizabeth, 132 N.J. Super. 6 (App. Div. 1974); Rivell v. Civil Service Comm'n, 115 N.J. Super. 64 (App. Div.), certif. den. 59 N.J. 269 (1971); Newark v. Massey, 93 N.J. Super. 317 (App. Div. 1967); Moorestown Tp. v. Armstrong, 89 N.J. Super. 560 (App. Div. 1965), certif. den. 47 N.J. 80 (1966); West New York v. Bock, 71 N.J. Super. 143 (App. Div. 1961), aff'd 38 N.J. 500 (1962); Plainfield v. Simpson, 50 N.J. Super. 250 (App. Div. 1958); East Paterson v. Civil Service Dep't, 47 N.J. Super. 55 (App. Div. 1957); Dutcher v. Civil Service Dept., 7 N.J. Super. 156 (App. Div. 1950). A review of the underlying facts is appropriate to our determination.

Charge I
Feldman was on duty at the firehouse on October 17, 1976 at 7:10 A.M. when a "box alarm" was rung. It is undisputed that appellant was ill at the time and under the care of Dr. Mark Levey for an illness diagnosed as Meniere's disease, the symptomatology of which includes intermittent acute spells of dizziness, hearing loss, ringing in the ear and a sensation of ear blockage. The Commission found as a fact that it "does not doubt that appellant was ill at the time," but "it does believe that appellant should have and could have responded to the alarm at least for the purpose of reporting to his superior that he was unable to go out with the fire apparatus."
Feldman testified that on hearing the alarm he started to report to the assigned vehicle, but became dizzy after getting part way down the stairs and therefore returned upstairs where he had some coffee.
Although there is no question that appellant should have reported his incapacity to his supervisor so that the equipment could be fully manned by a substitute, and that *181 such failure is a serious matter when considered from the viewpoint of the dangerous activity involved in fire-fighting, it is clear that appellant's offense is not the failure to report to the apparatus without justifiable reason, but the failure to notify his superior of his inability to do so. The record and the Commission's findings fully substantiate the fact that appellant was truly ill, that he was not malingering and that his dereliction constituted an exercise of poor judgment.

Charge II
The violation of sick leave procedure entailed in the second charge relates to an incident occurring on November 29, 1976. Appellant was not at work at that time because of the disability caused by Meniere's disease; and the Commission found as a fact that "Appellant was not well enough on November 29, 1976 to return to light duty work." The charge in this connection was not that he was deliberately and without cause absenting himself from duty, but that he violated prescribed procedure by failure to inform his supervisor that Dr. Levey had advised him that he could return to light duty if he felt well enough, so long as he did not do any work which would jeopardize himself or others in the event of a sudden attack of dizziness. When this medical opinion of Dr. Levey, as transmitted to the department physician, was forwarded to the Deputy Chief on November 29, 1976, he immediately filed the charge referred to.

Prior Work Record
Appellant was employed as a fireman for a period of six years and seven months. During this period he had been charged with abuse of sick leave procedures on the following dates: May 13, 1971, insubordination and abuse of sick leave, resulting in a five-day suspension without pay; October 28, 1971, violation of sick leave procedures with a verbal reprimand; September 18, 1972, violation of sick leave procedures with a fine of five days' pay. The violation *182 of October 28, 1971 related to the failure of appellant to produce a doctor's report from the department physician who had moved to Florida, while the one of September 18, 1972 involved being out of work for two extra days at a time when appellant was sitting in mourning for the death of a sister in accordance with the custom among persons of the Jewish faith.
The Commission concluded that these prior infractions demonstrated a poor work record and, superimposed upon the charges adjudicated by it, warranted termination of employment.

Conclusion
After careful consideration of the penalty issue, we are convinced that termination of employment is so extreme as to represent arbitrary action. The two charges, though serious in the context of the function of the fire department and the morale of its employees, do not involve such egregious conduct as to warrant dismissal. The debilitating symptomatology of Meniere's disease and the absence of a suggestion of malingering or willfulness serve as significant mitigating factors affecting the nature of a reasonable sanction.
Furthermore, although the past record may be utilized by the Commission in assessing the appropriate penalty (West New York v. Bock, 71 N.J. Super. 143, 152 (App. Div. 1961), aff'd 38 N.J. 500, 523 (1962)), it is significant that the prior infractions also involved failure to comply with sick leave procedures and occurred approximately four years before the first violation involved herein. In West New York v. Bock the Supreme Court found that a hiatus of seven years between the "past record" and the adjudicated charges mandated that the "past record" should not be considered on the penalty issue. Although we cannot say that a span of four years automatically renders a past record too remote for consideration by the Commission, nevertheless such a period *183 of service unblemished by infractions weighs heavily in mitigation of the penalty to be imposed.
On the overall record herein, we are of the opinion that the penalty of dismissal is arbitrary and unreasonable and has no rational relationship with the nature of the charges involved or the prior infractions. It is of interest to note that the Civil Service Commission hearing officer, who saw and heard the witnesses, recommended a suspension without pay for a period of six months. Obviously such a recommendation is not binding upon the Commission, but it simply demonstrates the reaction of a factfinder who was able to judge the sincerity and credibility of the key personnel who appeared before him.
In view of the length of time which has expired since the disciplinary action herein, we deem it appropriate to exercise our original jurisdiction instead of remanding the matter to the Commission for reconsideration of the penalty. On such remand the Commission would be limited to the imposition of a maximum suspension without pay for a period of six months. West New York v. Bock, supra, 71 N.J. Super. at 149-150; N.J.S.A. 11:15-6.
We therefore affirm the findings of the Commission relating to the violations and modify the determination below with respect to the penalty. It is the order of this court that appellant be suspended for a period of six months without pay as of November 29, 1976 and that he be reinstated forthwith.
This determination brings us to the question whether appellant is entitled to back pay commencing with the expiration of said suspension period and whether such an award should be mitigated by earnings from other employment. Obviously this issue was not reached by the Commission in view of its conclusion that appellant's discharge was appropriate. If, however, the Commission had imposed the penalty of six months' suspension upon a remand in accord with our determination, it would have had broad discretionary power to provide that appellant be granted *184 back pay or not and to direct that an award for the same should be mitigated by other earnings during the period subsequent to suspension. See Telesnick v. Newark, 63 N.J. 221, 224 (1973); Mason v. Civil Service Comm'n, 51 N.J. 115, 126 (1968); Mastrobattista v. Essex Cty. Park Comm'n, 46 N.J. 138, 146, 149 (1965); N.J.S.A. 11:15-6, 11:2A-1. See also White v. North Bergen Tp., 77 N.J. 538 (1978) on the issue of mitigation as to an employee in the unclassified service.
Ordinarily, where a municipal employee has been vindicated by a judicial declaration that his suspension or dismissal was illegal, he would be entitled to recover back salary less earnings from other employment. See Mastrobattista v. Essex Cty. Park Comm'n, supra, 46 N.J. at 147; Walklet v. Civil Service Comm'n, 114 N.J.L. 582, 585 (Sup. Ct. 1935).
The difficulty in applying this policy in the present litigation arises from the extraordinary delay resulting from the prosecution of the appeals through the Civil Service Commission and this court. As a consequence it is 22 months since appellant was suspended with approximately 16 months nonworking time which have expired after the period of the six-month suspension. Although this delay cannot be attributed to fault on the part of appellant, a serious question arises whether he is entitled to compensation because of this delay under the particular circumstances involved herein.
A review of the cases dealing with the issue of back pay for the period of idleness pending ultimate disposition of the disciplinary determination reveals that such relief has been granted when the employee has been vindicated by a reversal on the merits of the charges which led to the suspension or removal. In fact, the legislative purpose in adopting the several statutes permitting recovery of back salary was to overcome the harsh common law rule in those cases where the public employee has ultimately been found to be innocent of the infractions which led to his suspension or dismissal. *185 As observed by Justice Jacobs in Mastrobattista v. Essex Cty. Park Comm'n, supra:
Current concepts of fair play in employment relationships suggest that persons in the public service who have been suspended or removed on charges later determined to be unfounded should be made whole insofar as possible; they should be entitled not only to restoration of duties but should also suffer no loss in their earnings. [46 N.J. at 143]
It is our considered opinion that the statutory provision for back pay when a suspension or dismissal is found to be "illegal" (N.J.S.A. 40:46-34, now 40A:9-172 and 40A:14-23), or the application of the equitable principles inherent in the jurisdiction of the Civil Service Commission in classified service cases under N.J.S.A. 11:15-6, dictate that reinstatement should be accompanied by an award of back pay only where the judicial determination finds that the charges were unwarranted on the merits. It is only the innocent victim of official power who is entitled to such reimbursement.
If, however, as in the present matter, the result of appellate determination is an affirmance of the finding of guilt of the charges, the dismissal has not been declared "illegal" because of lack of cause for the charge. The mere modification of the penalty does not per se vindicate the employee in the sense of a finding that he was wronged by the charges filed against him. It only affects the propriety of the penalty without removing the stigma of impropriety of his acts.
In the exercise of our original jurisdiction on the penalty issue our power as a court is no less than the broad discretionary power of the Civil Service Commission, namely, to deny back pay "where special circumstances justly call for such action." See Telesnick v. Newark, supra, 63 N.J. at 224; West New York v. Bock, supra, 38 N.J. at 519-520. We are satisfied that the special circumstances herein require the application of equitable considerations and the balancing *186 of the interest of the employee against that of the public. It is fair and just that the loss, if any, resulting from the delay in the process of review, during which appellant rendered no services for the municipality, should be borne by him and not the public. The reinstatement shall therefore be without back pay.
Affirmed and modified.