DOROTHY HEATH, PLAINTIFF-RESPONDENT, v. BOARD OF
MANAGERS OF THE JERSEY CITY MEDICAL CENTER,
DEFENDANT-APPELLANT.

Argued November 23, 1982—Decided January 25, 1983.

*Mary B. Rogers* argued the cause for appellant Board of Managers of the Jersey City Medical Center (*Lamb, Chappell, Hartung, Gallipoli & Coughlin,* attorneys).

*Janet Share Zatz,* Deputy Atty. Gen., argued the cause for appellant Civil Service Commission (*Irwin I. Kimmelman,* Atty. Gen. of New Jersey, attorney; *Andrea M. Silkowitz,* Deputy Atty. Gen., of counsel).

*Alan S. Porwich* argued the cause for respondent (*Philip Feintuch,* attorney).

PER CURIAM.

Plaintiff seeks to recover back pay for a period during which her employer, the Board of Managers of the Jersey City Medical Center (Medical Center), erroneously denied her the employment position to which she was later held to have been entitled. The Civil Service Commission (Commission) denied back pay because neither statute nor common law supported plaintiff's claim. The Appellate Division reversed, finding a basis for the award in the civil service statutes, particularly *N.J.S.A.* 11:15–6. We granted certification on the petitions of the Medical Center and the Commission, 89 *N.J.* 441 (1982), and now reverse.

I

The period for which plaintiff claims she is entitled to back pay of $5291.40 is April 20, 1974 to November 29, 1974. Before April 20, 1974 plaintiff had a permanent civil service appointment as Director of Nursing at Margaret Hague Maternity Hospital (Margaret Hague), a relatively small facility in Jersey City specializing in obstetrics and gynecology. On that date

Margaret Hague merged with the Medical Center, pursuant to a contract. See *N.J.S.A.* 30:9–27.1 (permitting freeholders of any county of the first class to convey, "at private sale and without consideration," a county-maintained maternity hospital to any municipality within that county that maintains a hospital "for the sick and injured . . ."). Before the merger Pura La Borde, a provisional employee, was the Director of Nursing at the Medical Center. The positions of Director of Nursing at the two institutions both involved major responsibility for nursing care. They differed, however, in their respective scopes of operations in that as a general hospital facility the Medical Center embraced a wider variety of specialized nursing functions than did Margaret Hague.

After the merger of the two hospitals Ms. La Borde was appointed provisionally to the position of Director of Nursing of the consolidated institutions. Plaintiff retained the title of Director of Nursing of what formerly had been Margaret Hague and performed most of her same duties, except that she functioned in a position subordinate to Ms. La Borde in the sense that she now reported to the latter and relinquished some administrative responsibilities to her. On November 29, 1974—the terminal date of the period with which we are concerned—plaintiff was laid off as "Director of Nursing, Margaret Hague Hospital," for reasons of economy.

Thereafter the Division of Local Government Services, Department of Civil Service, performed an administrative review, on the basis of which it determined that Ms. Heath had re-employment rights to the title of Assistant Director of Nursing at the Medical Center and accordingly placed her on a special re-employment list for that title.[1] On December 4, 1974 plain-

---

[1] Under the Civil Service Rules, *N.J.A.C.* 4:1–2.1, "special re-employment list" means a list of names of persons who had been permanent employees but were laid off for reasons of economy or otherwise and not because of any misconduct or delinquency on their part, or whose office or position was abolished and who are entitled to be certified for re-employment. These lists

tiff was appointed permanently as Assistant Director of Nursing. Plaintiff resisted the appointment and successfully appealed that determination, with the result that her permanent appointment as assistant Director of Nursing was ordered rescinded. Instead, she was certified to the title of Director of Nursing against the provisional appointee, Ms. La Borde, and on June 11, 1976 she was permanently appointed as Director of Nursing.

There then began the quest for back pay, an unnecessarily protracted pilgrimage burdened by procedural missteps including a detour through the Law Division, in the course of which the Medical Center agreed voluntarily—for reasons not disclosed by the record or otherwise apparent to us—to pay plaintiff $9800.05, the difference in wages between the positions of Director of Nursing and Assistant Director of Nursing from November 29, 1974 (the date of her lay-off) to June 11, 1976 (the date of her permanent appointment as Director of Nursing).[2] In October 1980 the Appellate Division remanded the cause to the Commission for a final administrative determination of the back pay issue.

The Commission held that its authority to order any award of back pay is derived from *N.J.S.A.* 11:15–6 and *N.J.S.A.* 11:22–38, enactments that the Commission perceived as applying to disciplinary actions only. According to the Commission, inasmuch as Ms. Heath's appeal did not arise from any disciplinary proceeding, there was no statutory warrant for an award of back pay. The Commission relied in addition on *Taylor v. Dep't of Civil Serv.*, 159 *N.J.Super.* 119, 123 (App.Div.1978), for the proposition that in the absence of legislative authority the law does not permit the payment of compensation to public employees if they

---

take precedence over promotion lists for the same organization unit, regular re-employment lists, and open competitive employment lists.

[2]The correctness of that payment is not before us in this litigation and we intimate no view on the question.

do not perform services for it, regardless of why they fail to do so—the so-called "no work, no pay" rule.

The Appellate Division, readily conceding that the "no work, no pay" rule might bar the type of claim asserted by Ms. Heath, nevertheless decided that *N.J.S.A.* 11:15–6, the "sole statutory authority for an award of back pay," superseded that common law rule in the circumstances of this case. It saw the "key question" as whether the Medical Center's failure to have appointed plaintiff as Director of Nursing on the date of the merger could be construed as a "mode of discipline," inasmuch as back pay is awardable under *N.J.S.A.* 11:15–6 "only upon a favorable outcome of disciplinary charges." It answered that question by holding that even though plaintiff continued to perform substantially the same duties both before and after the merger and until her appointment as Director of Nursing in June 1976, she was "demoted, in effect" as of April 20, 1974. The "result," it said, was "not different from a demotion after formal disciplinary charges." The court below concluded that the right to back pay, although not expressly conferred by *N.J.S.A.* 11:15–6, was at least to be found by fair implication and intendment as an incident to the powers expressly bestowed upon the Commission.

## II

Although Ms. Heath's counsel acknowledged at oral argument before us that this is not "strictly" a disciplinary matter and that neither the cases nor the statutes are "entirely clear" on whether she is entitled to back pay, nevertheless plaintiff claims that "by implication" *N.J.S.A.* 11:15–6 applies. Both the defendant and the Commission insist that that enactment covers only disciplinary actions, as indeed the Appellate Division held. At first blush this would appear to be so, both by the terms of *N.J.S.A.* 11:15–6 itself and by reading that statute *in pari materia* with 11:15–1. The latter reads as follows:

The commission shall provide by rule for the suspension, without pay or with reduced pay, fine or *demotion* of an employee in the classified service *for*

*disciplinary purposes,* for an aggregate period not to exceed sixty days in any year. An employee suspended, fined or *demoted* for a period greater than thirty days at one time and for an aggregate period greater than sixty days in any year shall have the same right of appeal and the commission shall have the same power of revoking or modifying the action of the appointing authority as in the case of removals as provided in sections 11:15–2 to 11:15–6 of this title (emphasis supplied).

The statute viewed by the parties and the court below as determinative of this case, *N.J.S.A.* 11:15–6, provides:

The commission shall, within fifteen days after the completion of the investigation, inquiry or hearing, and sooner if practicable, render a decision to be forthwith certified to the appointing authority who shall forthwith enforce the same.

The decision shall state whether the removal of the employee is approved, or whether he is to be restored to his position without loss of pay, transferred to another position in the same class, fined, *demoted,* suspended without pay or with reduced pay, for a period not exceeding six months, or to be reprimanded or otherwise dealt with.

The commission may, when in its judgment the facts warrant it, modify or amend the *penalty* imposed by the appointing authority or substitute another *penalty* for that imposed, except that removal from the service shall not be substituted for a lesser *penalty* (emphasis supplied).

To be sure, the nomenclature used in these enactments bears the stamp of a disciplinary proceeding. However, when read in the context of *N.J.S.A.* 11:2A–1, it is by no means clear that 11:15–6 is so restricted, as claimed by defendant and the Commission. *N.J.S.A.* 11:2A–1 reads:

No employee of the State, or of any county, municipality or school district of the State shall be suspended, fined, or demoted more than 3 times in any 1 year, nor for more than 5 days at any 1 time, nor for a period of greater than 15 days in the aggregate in any 1 year or discharged without the same right of appeal to the commission, which shall have the same power of revoking or modifying the action of such authority, as in the case of removal as provided in section 11:15–6 of the Revised Statutes.

Hence it is at least arguable that *N.J.S.A.* 11:2A–1 feeds into *N.J.S.A.* 11:15–6, and that thus nourished, the latter's reach extends beyond straightforward disciplinary actions.

We need not, however, confront the provocative questions lurking in the wings of this litigation. The lure of such issues as whether the statutory framework contemplates only disciplinary proceedings and whether the "no work, no pay" rule retains its

vitality is tempting, but we can decide this case without addressing those problems. More to the point, we should confine today's decision to its facts, given that the issues arise in an unusual setting, one not likely to be repeated with frequency.

Putting the plaintiff's claim in its best light, the question comes down to whether, as the Appellate Division held, Ms. Heath was demoted when Ms. La Borde, rather than she, was appointed Director of Nursing of the merged hospitals. We conclude that under the circumstances of this case there was no demotion.

### III

Implicit in the Appellate Division's holding is a definition of demotion in public employment as the denial of appointment to a position to which one is entitled. *N.J.A.C.* 4:1–2.1, however, defines "demotion" or "reduction," for purposes of civil service, as "a lowering in rank or scale of compensation." The administrative code contains no definition of "rank," and in the absence of administrative guidance we assume rank is akin to job title. If that be so, the administrative code's definition would not include plaintiff, for until at least November 19, 1974 she retained the title of Director of Nursing at Margaret Hague. Moreover, her compensation remained at the same level between April 20, 1974 and November 29, 1974 as it had been before the merger; and even though her administrative responsibilities within the consolidated institutions were fewer than they had been pre-merger, her day-to-day operations remained the same.

Putting the definitional framework aside and viewing the case in a broader perspective we still arrive at the conclusion that the evidence in the record is insufficient to establish a demotion. Significant in this regard is the fact that nothing was done directly to Ms. Heath's job and the focus was not on her or her position; rather, events occurred in another arena that resulted in a diminution of plaintiff's administrative responsibilities. As we understand a demotion, we perceive it as contemplating a

8

purposeful decision by management that a particular person's responsibilities be reduced. During the period in question plaintiff was simply caught up in the "ripple effect" of the merger and did not suffer a demotion. Furthermore, there is no claim in this case that absent proof of demotion Ms. Heath is entitled to recover on the basis of any authority in the Commission beyond that granted in the statutes referred to above.

## IV

The judgment of the Appellate Division is reversed and the cause remanded to the Civil Service Commission for entry of an order dismissing plaintiff's appeal.

*For reversal and remandment*—Chief Justice WILENTZ, and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

*Opposed—none.*