195 N.J. Super. 126 (1984)
478 A.2d 428
IN THE MATTER OF SERGEANT CHARLES V. WENDERWICZ, JR.
Superior Court of New Jersey, Appellate Division.
Argued April 11, 1984.
Decided July 13, 1984.
*129 Before Judges FRITZ and DEIGHAN.
Thomas Rossi argued the cause for appellant (Gorelick & Groon, attorneys).
Robert A. Fineberg argued the cause for respondent (Fineberg & Rodgers, attorneys).
The opinion of the court was delivered by DEIGHAN, J.A.D.
Appellant Charles V. Wenderwicz, Jr. is a sergeant on the police department of the Borough of Avalon. He was suspended 45 days without pay on a departmental hearing. At a trial de novo in the court below, the trial judge upheld the findings of guilt but reduced the penalty to 15 days suspension without pay. At the time of the trial de novo, appellant had already served the 45-day suspension.
A departmental complaint in three counts of the Borough of Avalon police department charged appellant with violating the General Rules and Regulations of the Borough's police manual on September 16, 1982. The complaint charged that appellant, having been previously warned otherwise, remained at police headquarters to make a private telephone call. He was also charged with neglect of duty by not patrolling his post and conduct subversive to good order and discipline in the department *130 by causing his partner to loiter at headquarters while he made the telephone call.
A hearing was held before the Borough Administrator, Andrew Bednarek. At the hearing Lieutenant Louis E. Taylor, Jr. testified that on September 16, 1982 he saw appellant downstairs in the police station in the dispatcher's area at approximately five minutes to twelve o'clock midnight and at about one minute after twelve he noticed that the telephone line was lit, indicating that someone was using the phone. He suspected that it was appellant who usually makes phone calls when he first comes to work. Lt. Taylor watched the light until it went out at approximately 12:40. He then went downstairs and appellant and his partner, Officer Gambill, had just left. The dispatcher told Lt. Taylor that Officer Gambill was sitting with him while appellant was on the phone.
At the hearing Gambill testified that after appellant arrived at the station on the night in question, he spent a few minutes in the dispatcher's area and read some reports and then went towards the back of the police station. Gambill did not see appellant again until some time after 12:30. While appellant was in the squad room, Gambill stood in the lobby, talking with the dispatcher and watching television. When appellant returned Gambill and appellant left to patrol the community. There were no other patrol cars on duty that night. According to Gambill it was customary for officers on the midnight shift to leave for patrol around 12:30.
Lt. Taylor testified that appellant had been told that he would be permitted to make short calls while on his break at the police station, but that when his break was over he was to go back on patrol. Lt. Taylor said appellant admitted he had been on the telephone from midnight until 12:40 a.m. at the beginning of the shift on September 16, 1982.
Appellant was warned orally by Taylor on July 2, 1981 about making phone calls while on duty and a written copy of the warning was placed in his personnel file. Over appellant's *131 objection, evidence from his personnel file as well as prior warnings were introduced into evidence. Appellant's attorney was willing to admit that appellant had been warned about making lengthy telephone calls but objected to the introduction of a letter of warning. The administrator admitted the letter of July 2, 1981 into evidence to establish a record of a previous warning. A second letter dated March 28, 1979 from appellant's personnel file was produced. It warned appellant not to loiter at the homes of women while on duty. Again over objection again this was admitted into evidence to indicate that appellant had been previously warned about neglect of duty. He was found guilty of the charges and given a 45-day suspension.
He appealed to the Superior Court, Law Division. On a trial de novo, Judge Callinan found appellant guilty of the violations charged in the complaint but he also found that the penalty was excessive and accordingly reduced the suspension to 15 days. Judge Callinan held that evidence of warnings based on vague allegations and not resulting in formal charges or punishment was not admissible. Since the administrative hearing officer considered the prior acts in assessing the punishment, Judge Callinan concluded that the punishment imposed was too severe and the sentence was reduced from 45 to 15 days.
On this appeal, appellant contends that he was prejudiced by the use of irrelevant and inflammatory evidence at the hearing and the trial de novo; that the findings of fact are not supported by sufficient credible evidence, and that since he had already been suspended for the 45 days when the punishment was commuted to 15, he was entitled to back pay for the 30 day period in which he was suspended over the reduced suspension period.
We agree that evidence of the past record in the disciplinary proceeding cannot be utilized to prove a present charge which is not one of habitual conduct. West New York v. Bock, 38 N.J. 500, 523 (1962). However the past record may be *132 resorted to for guidance in determining the appropriate penalty for the current specific offense. Ibid.
The present appeal is not from the determination of the administrative hearing officer but rather from the determination of the trial judge on the de novo hearing in the Superior Court, Law Division. Judge Callinan expressed strong concern against the improper use of appellant's past record. He noted that there is no testimony in the record that appellant was ever charged with any offenses and that the past record unduly influenced the hearing officer. Apparently, for this reason Judge Callinan mitigated the suspension from 45 to 15 days. We therefore reject appellant's first contention that he was prejudiced by the use of irrelevant and inflammatory evidence at the de novo hearing.
In his second contention appellant argues that the judge's finding of guilt was not supported by substantial credible evidence. He based this first on the contention that the findings are insufficient. Then he argues that "a fair review of the entire evidence, finds it to be clearly insufficient to substantiate the findings made by the Trial Court." Our careful review of the record satisfies us that there is ample evidence to support the findings and that the findings, reasonably reached on that evidence, are not only adequate but quite justify the conclusions reported. In such case, we will not interfere. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974). The issue lacks merit.
In his third contention appellant argues that the judge erred in denying his application for back pay when the penalty was reduced from a 45-day to a 15-day suspension. He argues that he should be reimbursed for the 30 days' pay because he had already served the original suspension. He maintains that by reducing the suspension without providing compensating reimbursement the judge was really not offering any relief.
In rejecting appellant's application for back pay, the trial judge relied on Feldman v. Town of Irvington Fire Department, *133 162 N.J. Super. 177 (App.Div. 1978). In Feldman we considered N.J.S.A. 40A:9-172 and 40A:14-23, which declare entitlement to back pay in the event that a suspension or dismissal "shall be judicially determined to be illegal." In Feldman we defined illegality in terms of an adjudication that the charges were unwarranted on the merits and announced that "[i]t is only the innocent victim of official power who is entitled to such reimbursement." Id. at 185. There, however, it was also held, in what appears to be dictum inasmuch as the employee was not vindicated "in the sense of a finding that he was wronged by the charges filed against him" (ibid.), that special circumstances may "require the application of equitable considerations and the balancing of the interest of the employee against that of the public" in determining whether back pay should be awarded. Id. at 185-186. Subsequent to Feldman back pay issues were considered in Belleville v. Coppla, 187 N.J. Super. 147 (App.Div. 1982) and Millan v. Morris View, 177 N.J. Super. 620 (App.Div. 1981).
Citing these last two cases, this court recently rejected the equitable consideration doctrine of Feldman, at least in cases of suspensions or dismissals in which the back pay issue carried beyond six months. Steinel v. Jersey City, 193 N.J. Super. 629 (App.Div. 1984). Steinel specifically held that the nature of the conduct giving rise to the suspension, i.e., the "guilt" factor, "is not a special circumstances or equitable consideration justifying denial of back pay for more than a six months' period." Id. at 636. There it was found that there were "no equitable considerations or special circumstances justifying denial of back pay to appellant." (Ibid.)
Significantly, Feldman, Millan, Belleville and Steinel all involved discharges as opposed to suspensions. We believe the distinction to be significant. In the case of a discharge the extent to which delay can become protracted is infinite, at least in theory and, it would appear, often in practice. On the other hand, a suspension for less than six months is finite and we *134 believe might reasonably be expected to compel the parties or either of them to do certain things within the limited and finite period. That being so, we remain satisfied, consistently with Feldman, that other equitable considerations may be regarded in matters involving less than a six-month suspension, as in the present case. In such a case, we believe the "balancing of interests" test set forth in Feldman is entirely appropriate. 162 N.J. Super. at 185-186. Consistent with that which appears to be the plain meaning of the statute, at least in cases where the six-month suspension limitation of N.J.S.A. 11:15-6 has been honored, the presumption should be that back pay may be denied upon a judicial determination of legality of the suspension itself and that equitable considerations do not come into play to justify denial of back pay but rather to permit the allowance of back pay in proper circumstances despite a judicial determination of the propriety of the guilt determination, all as suggested by Feldman.
Factors to be considered are such as the reasonable affirmative efforts to mitigate damages, responsible attempts to obtain substitute employment and failure of appellant to apply for a stay of suspension. The latter, if a stay had been granted, would have given the municipality something for its money and would, in any event, have alerted it to the possibility of a reversal and permitted budgetary accommodation.
As we have noted, the past record in disciplinary proceedings may be used for guidance in determining the appropriate penalty for the present offense. West New York v. Bock, supra, 38 N.J. at 523. Consideration should encompass appellant's reasonably recent history of promotions, commendations and the like on the one hand and on the other, formally adjudicated disciplinary actions as well as instances of misconduct informally adjudicated by having been previously called to the attention of and admitted by him. Any incidents which are too remote in time from the present incident should not be considered. Id. at 523-524.
*135 This record is inadequate to assess whether there are equitable considerations or special circumstances justifying a denial of back pay to appellant in light of delay of the administrative hearing process. We therefore remand this matter to the trial judge for further proceedings on the issue of whether appellant is entitled to reimbursement for the 30 day remitted suspension or any part thereof, under the foregoing guidelines and any other relevant equitable principles.
Affirmed in part and reversed in part. Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.