IN THE MATTER OF SHIRELY WILLIAMS, SHERIFF'S OFFICER, CAMDEN COUNTY.

Superior Court of New Jersey
Appellate Division

Submitted October 29, 1984—Decided December 3, 1984.

76

Before Judges DREIER and SHEBELL.

*Robert H. Levin,* attorney for appellant (*Robert H. Levin,* on the brief).

*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney for Respondent Civil Service Commission (*James J. Ciancia,* Assistant Deputy Attorney General, of counsel; *Gale P. Simon,* Deputy Attorney General, on the brief).

*Thomas A. Cucinotta,* attorney for respondent Sheriff's Office of Camden County (*Phil D. Cooper,* on the brief).

The opinion of the court was delivered by

DREIER, J.A.D.

Shirley Williams has appealed from so much of the final order of the Civil Service Commission dated December 29, 1983 as denied her back pay from March 17, 1983, when she had been dismissed as a Sheriff's Officer. The same order directed that she be retroactively rehired as a Correction Officer.[1] The Sheriff's Office and the Civil Service Commission admit that the discharge of appellant, rather than a reinstatement to her former Correction Officer status, had been in error. *See N.J. A.C.* 4:3–83.

The decision to deny back pay had been based upon a common-law principle that the State or its subdivisions may not pay for work not actually performed and Ms. Williams, therefore, was deemed relegated to an action against the State for her back pay pursuant to the Tort Claims Act. *Taylor v. Dept. of Civil Service,* 159 *N.J.Super.* 119, 122 (App.Div.1978). The Commission acknowledged its authority "to award back pay in termination matters arising from disciplinary proceedings or layoff actions where bad faith has been found" under the *Taylor* case. In the case before us, however, the Commission found that the termination resulted "from the lack of understanding of the requirements of the relevant laws and the relationship between them, as opposed to an intended disciplinary action or bad faith on the part of the appointing authority."

---

[1] Ms. Williams had been permanently appointed as a Camden County Correction Officer on February 14, 1972. She was subsequently appointed a Sheriff's Officer, but that appointment never became permanent because she failed to successfully complete a required police training course at the Sea Girt Training Academy.

Under the common-law "no work-no pay" rule in New Jersey even a wrongful act of the public employer provided an insufficient foundation for the award of back pay. "It was doubtless the seeming unjustice of this rule that provoked legislative action." *Tp. of Springfield v. Pedersen*, 73 *N.J.* 1, 6 (1977). Statutory abridgements of the common-law rule, therefore, were enacted applying to "any municipal officer or employee" (*N.J. S.A.* 40A:9–172), "any member or officer of a paid or part-paid fire department or force" (*N.J.S.A.* 40A:14–23), and "any member or officer of a municipal police department or force" (*N.J. S.A.* 40A:14–151). The only statutory provision which might be applicable to the county employment of Ms. Williams is *N.J.S.A.* 11:15–6, ostensibly limited to disciplinary proceedings, and so determined in *Taylor*. The statute reads:

> The commission shall, within fifteen days after the completion of the investigation, inquiry or hearing, and sooner if practicable, render a decision to be forthwith certified to the appointing authority who shall forthwith enforce the same.
>
> *The decision shall state* whether the removal of the employee is approved, or *whether he is to be restored to his position without loss of pay,* transferred to another position in the same class, fined, demoted, suspended without pay or with reduced pay, for a period not exceeding six months, or to be reprimanded or otherwise dealt with.
>
> The commission may, when in its judgment the facts warrant it, modify or amend the penalty imposed by the appointing authority or substitute another penalty for that imposed, except that removal from the service shall not be substituted for a lesser penalty. [Emphasis Added].

In recent years, however, there have been dicta in New Jersey Supreme Court cases from which we may determine that *N.J.S.A.* 11:15–6 need not be limited to disciplinary matters. In *Heath v. Bd. of Managers of the Jersey City Medical Center*, 92 *N.J.* 1 (1983), the court reviewed a decision applying *N.J.S.A.* 11:15–6 to a non-disciplinary case. The plaintiff there lost her title as Director of Nursing after a merger of two hospitals. The plaintiff argued that her loss of title had been a "mode of disciplinary action," and the appellate division agreed that the loss of title was similar to a demotion after formal disciplinary charges and awarded back pay. The Supreme Court reversed on the basis that there had been no demotion and in dictum

discussed whether there was a need to cast the case in the mold of a "disciplinary" action to be afforded protection under *N.J. S.A.* 11:15–6. After discussing that section, as well as 11:15–1 authorizing suspensions with or without pay, the court noted:

> To be sure, the nomenclature used in these enactments bears the stamp of a disciplinary proceeding. However, when read in the context of *N.J.S.A.* 11:2A–1, it is by no means clear that 11:15–6 is so restricted, as claimed by defendant and the Commission. *N.J.S.A.* 11:2A–1 reads:
>
> > No employee of the State, or of any county, municipality or school district of the State shall be suspended, fined, or demoted more than 3 times in any 1 year, nor for more than 5 days at any 1 time, nor for a period of greater than 15 days in the aggregate in any 1 year or discharged without the same right of appeal to the commission, which shall have the same power of revoking or modifying the action of such authority, as in the case of removal as provided in section 11:15–6 of the Revised Statutes.
>
> Hence it is at least arguable that *N.J.S.A.* 11:2A–1 feeds into *N.J.S.A.* 11:15–6, and that thus nourished, the latter's reach extends beyond straightforward disciplinary actions.
>
> We need not, however, confront the provocative questions lurking in the wings of this litigation. The lure of such issues as whether the statutory framework contemplates only disciplinary proceedings and whether the "no work, no pay" rule retains its vitality is tempting, but we can decide this case without addressing those problems. More to the point, we should confine today's decision to its facts, given that the issues arise in an unusual setting, one not likely to be repeated with frequency. [92 *N.J.* at 6–7].

More recently, in *Communications Workers v. Monmouth Co. Bd. of Social Services,* 96 *N.J.* 442, 454–455 (1984), the Supreme Court noted, again in dictum:

> *N.J.S.A.* 11:15–6 [2] authorizes the Commission to state whether an employee who was removed is to be restored to his position "without loss of pay"—in other words, with back pay for the period between his removal and his reinstatement. *N.J.S.A.* 11:15–1 [3] suggests that the Commission also has the power to grant back pay in certain other disciplinary situations such as demotions, because the statutory provision grants the Commission the same authority in those circumstances as in the case of removals. Although *N.J.S.A.* 11:2A–1 [4] implies that the reach of *N.J.S.A.* 11:15–6 may extend to suspensions, fines, or demotions for nondisciplinary purposes as well, *Heath v. Board of Mgrs. of Jersey City Med. Ctr.,* 92 *N.J.* 1, 6 (1983), *N.J.S.A.* 11:15–6, in any event does not expressly authorize a back pay award for a period *prior to promotion.*

Utilizing the Supreme Court's analysis of *N.J.S.A.* 11:2A–1 as augmenting the situations where back pay can be ordered under *N.J.S.A.* 11:15–6, we consider the case before us in a

different light, especially in view of the Commission's decision that Ms. Williams had effectively been suspended without pay for 9½ months before she was returned to the position that rightfully was hers. We determine, on the basis of the above analysis, that we are freed from the strictures of *Taylor v. Dep't of Civil Service, supra,* and may look to *N.J.S.A.* 11:15–6 and 11:2A–1 as sufficient authorization for the award of back pay in this case. *Cf. Heath v. Bd. of Managers of the Jersey City Medical Center, supra; Communications Workers v. Monmouth C. Bd. of Social Services, supra.*

Since we may apply *N.J.S.A.* 11:15–6, we must briefly review the cases interpreting the statute. Initially, this court appeared to have required an "illegal" suspension or termination before the statute would authorize back pay, or a showing of special circumstances warranting the application of an equitable balancing of interests between the employee and the public. *Feldman v. Irvington Fire Dep't,* 162 *N.J.Super.* 177, 185 (App.Div. 1978). The *Feldman* equitable balancing test, however, has been noted by Judge Greenberg to have been "severely undermined" by later decisions. *Steinel v. Jersey City,* 193 *N.J.Super.* 629, 636 (App.Div.1984), certif. granted 97 *N.J.* 588 (1984); *see Belleville v. Coppla,* 187 *N.J.Super.* 147, 157 (App.Div. 1982); *Millan v. Morris View,* 177 *N.J.Super.* 620, 624–625 (App.Div.1981). We find, however, that *Feldman* has been somewhat resuscitated (in suspension as opposed to discharge cases), permitting the "balancing of interests" test from *Feldman* to be applied by the trial judge in determining whether there was a justified denial of back pay. *In the Matter of Wenderwicz,* 195 *N.J.Super.* 126, 132–134 (App.Div.1984).

■■ We have no question that denial of back pay to Ms. Williams in excess of 6 months was beyond the authorization of *N.J.S.A.* 11:15–6. Even the initial 6 month denial of back pay, however, cannot be countenanced in this case. For Ms. Wil-

liams to have lost even the 6 months' pay would in effect permit punishment—a suspension without pay—for her failure to complete the police training course. The wrong here satisfies both the "illegal suspension or discharge" and the "equitable balancing" tests. We, therefore, need not resolve the post-*Feldman* dispute concerning whether the balancing of interests test may be applied here. As noted earlier, *N.J.A.C.* 4:3–8.3 governs the interim status of a permanent employee promoted to a higher class. Subsection (c)2 provides that:

> Any such employee, who is discontinued in that higher class during provisional employment of his/her working test period, shall be returned to the duties and responsibilities of the lower class unless s/he has been otherwise disqualified for further employment...

There is no question that, failing the police training, Ms. Williams reverted to her position as a County Correction Officer. When analyzing the rights of an employee to a restoration of back pay in a disciplinary matter, the Supreme Court in *Mastrobattista v. Essex Cty. Park Commission*, 46 *N.J.* 138, 143 (1965) stated:

> Current concepts of fair play in employment relationships suggest that persons in the public service who have been suspended or removed on charges later determined to be unfounded should be made whole insofar as possible; they should be entitled not only to restoration of duties but should also suffer no loss in their earnings.

Since it was totally inappropriate for Ms. Williams to suffer any loss of pay, we need not remand this matter to the Civil Service Commission, but will direct the award of her net loss of back pay to Ms. Williams ourselves.[2] *R.* 2:10–5.

---

[2]Although the issue of mitigation has not been raised by either party, we assume that Ms. Williams' claim for back pay would be reduced by any interim earned income she received during the period in question, and that this application is limited to her net loss. See *N.J.A.C.* 4:1–5.5(e) in effect as of the Civil Service Commission's order, amended to *N.J.A.C.* 4:1–5.5(d) effective October 1, 1984.

█ A final issue remains, namely, whether interest should be awarded on the net back pay due to Ms. Williams. On September 5, 1984 *N.J.A.C.* 4:1–5.5, concerning the award of back pay pursuant to the authority of *N.J.S.A.* 11:15–6, was amended, effective October 1, 1984. The amendment removed the prohibition on interest, thus allowing the Civil Service Commission to consider the award of interest in a given case on equitable grounds. We realize that the amended administrative rule has been in effect for a very short period of time. We, therefore, do not exercise our original jurisdiction as to an award of interest, but rather will permit Ms. Williams, if she so wishes, to apply by motion to the Civil Service Commission for the award of interest under the amended rule. The administrative agency should in the first instance have the opportunity to make the decision as to whether interest is warranted under the facts of this case.

The decision of the Civil Service Commission denying back pay to Shirley Williams is reversed and the matter is remanded to the Civil Service Commission for the computation and award of her net loss of back pay and for determination, upon suitable application, as to the allowance of interest on such award. We do not retain jurisdiction.