JOHN J. STEINEL, RESPONDENT, v. CITY OF JERSEY CITY,
AND CIVIL SERVICE COMMISSION, APPELLANTS.

Argued December 10, 1984—Decided April 9, 1985.

2

*John F. Hamill, Jr.,* Assistant Corporation Counsel, argued the cause for appellant City of Jersey City (*Joseph Healy,* Corporation Counsel, attorney).

*Gale P. Simon,* Deputy Attorney General, argued the cause for appellant Civil Service Commission (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *James J. Ciancia,* Assistant Attorney General, of counsel).

*Alan S. Porwich* argued the cause for respondent (*Philip Feintuch,* attorney).

*Steven P. Weissman* submitted a brief on behalf of *amicus curiae,* Communications Workers of America, AFL–CIO.

PER CURIAM.

The Appellate Division reversed the decision of the Civil Service Commission (Commission) that denied back pay to respondent, John Steinel, for the period following the expiration of his six-months' suspension. 193 *N.J.Super.* 629 (1984). In reversing, the Appellate Division determined that Steinel "is entitled to back pay after six months' suspension subject to reduction and mitigation for income earned or income which could have been earned after the six months' period in accordance with *N.J.A.C.* 4:1–5.17." *Id.* at 637. Accordingly, the Appellate Division remanded the matter to the Commission to redetermine the award. We affirm substantially for the reasons set forth in the opinion of the Appellate Division.

The Appellate Division based its decision on *N.J.S.A.* 11:15–6, which provides:

The commission shall, within fifteen days after the completion of the investigation, inquiry or hearing, and sooner if practicable, render a decision to be

forthwith certified to the appointing authority who shall forthwith enforce the same.

The decision shall state whether the removal of the employee is approved, or whether he is to be restored to his position without loss of pay, transferred to another position in the same class, fined, demoted, suspended without pay or with reduced pay, for a period not exceeding six months, or to be reprimanded or otherwise dealt with.

Read literally, the statute prohibits a denial of more than six months' back pay to a suspended employee. That reading is supported by one of two lines of Appellate Division decisions. The first line of cases, followed by the Appellate Division here, holds that, absent special circumstances or equitable considerations such as delay caused by the employee, he or she is entitled to back pay following a six months' suspension. See *Belleville v. Coppla,* 187 *N.J.Super.* 147 (1982); *Millan v. Morris View,* 177 *N.J.Super.* 620 (1981). A second line of cases, beginning with *Feldman v. Town of Irvington Fire Dep't,* 162 *N.J.Super.* 177, 183 (1978), holds that the Commission not only has the authority to suspend an employee for six months, but also to withhold his or her pay beyond that period. The most recent case in this line is *Cliff v. Morris County Bd. of Social Servs.,* 197 *N.J.Super.* 307 (1984), which we are this day reversing and remanding to the Commission in light of this opinion.

The clear language of *N.J.S.A.* 11:15–6 precludes suspension without back pay for more than six months. Consequently, we approve the adoption by the Appellate Division in the present case of the *Millan* and *Belleville* decisions and disapprove the *Feldman* and *Cliff* decisions. Our dissenting colleagues argue that the better public policy would be to give the Commission the authority to deny back pay beyond the period of a six months' suspension. Whatever merit inheres in that suggestion, it is our function to follow the legislative will. *State v. Fearick,* 69 *N.J.* 32, 37 (1976). Thus, we agree with the Appellate Division's observation that "[i]f our result is unfair it is within the power of the Legislature to change the law so as

to authorize the decision reached by the commission." 193 *N.J.Super.* at 637. When the Legislature has created so pervasive a statutory scheme, as it has with respect to Civil Service, and has spoken so clearly, as it has in *N.J.S.A.* 11:15-6, we believe it is more judicious to stay our hand and not rewrite the statute.

The judgment of the Appellate Division is affirmed.

O'HERN and GARIBALDI, JJ., dissenting.

The question presented here is whether in every case where the Civil Service Commission reduces a local agency's discipline from removal to suspension, it must award back pay to the guilty employee when the hearing process exceeds the six-month period of maximum suspension under *N.J.S.A.* 11:15-6. We disagree with the majority's holding that the language of the statute compels this result. Hence, we would not tie the hands of the Civil Service Commission.

The facts of this case are not atypical. The employee was found guilty of neglect and incompetence in failing to report short-measuring in a public construction contract. The employee had a long record of disciplinary infractions, including prior acceptance of money from a contractor. The City removed him in April 1982. (He was suspended when charged in November 1981.)

On November 9, 1981, the City issued a Preliminary Notice of Disciplinary Action charging the employee with neglect of duty and incompetence. A hearing was held on March 4, 1982, before the Assistant Business Administrator of Jersey City, who found the employee guilty as charged. The penalty was permanent removal from his job and a Final Notice of Disciplinary Action confirming this decision was issued on April 19, 1982. The employee appealed his removal to the Civil Service Commission, which granted him a hearing.

On appeal, the Civil Service Commission agreed with the City that the employee was indeed guilty of neglect and incompetence, but it reduced the penalty to the maximum short of removal—six months suspension and no back pay. It entered that judgment on March 21, 1983. On February 10, 1984, the Appellate Division reversed the decision and required the City to pay the guilty employee back pay for all periods after the six months, less mitigation.

There has been a conflict of authority in the Appellate Division on this question. The majority affirms on the basis of the opinion below. We believe that the sounder view and the one that better serves the public is set forth in *Cliff v. Morris County Bd. of Social Services*, 197 *N.J.Super.* 307 (App.Div. 1984).

In that case Morris County fired a nurse and health attendant who participated in an illegal strike, thereby withholding their services from the patients at a county health facility. On appeal, the Civil Service Commission found the two guilty but found the penalty of removal to be too severe. Considering all the factors, the Commission concluded that a six-month suspension was warranted and that back pay should be denied between the end of their six-month suspension and their reinstatement, even though there had not been an affirmative finding that they were responsible for the delay in process.

The *Cliff* Court relied on the prior precedent of *Feldman v. Town of Irvington Fire Dept.*, 162 *N.J.Super.* 177 (App.Div. 1978). There, the court reduced the penalty of a firefighter found guilty on two departmental charges from removal to suspension without pay. On the issue of whether to award back pay dating from the expiration of the suspension, the court held:

> It is our considered opinion that the statutory provision for back pay when a suspension or dismissal is found to be "illegal" (*N.J.S.A.* 40:46–34, now 40:9–172 and 40A:14–23), or the application of the equitable principles inherent in the jurisdiction of the Civil Service Commission in classified service cases under

*N.J.S.A.* 11:15–6, dictate that reinstatement should be accompanied by an award of back pay only where the judicial determination finds that the charges were unwarranted on the merits. It is only the innocent victim of official power who is entitled to such reimbursement.

If, however, as in the present matter, the result of appellate determination is an affirmance of the finding of guilt of the charges, the dismissal has not been declared "illegal" because of lack of cause for the charge. The mere modification of the penalty does not *per se* vindicate the employee in the sense of a finding that he was wronged by the charges filed against him. It only affects the propriety of the penalty without removing the stigma of impropriety of his acts.

In the exercise of our original jurisdiction on the penalty issue our power as a court is no less than the broad discretionary power of the Civil Service Commission, namely, to deny back pay "where special circumstances justly call for such action." (citations omitted) We are satisfied that the special circumstances herein require the application of equitable considerations and the balancing of the interest of the employee against that of the public. [*Id.* at 185–186.]

The court denied back pay, holding that the loss from delay in the process of reviewing the employee's dismissal should be borne by the employee, not the public, in the circumstances of this case.

The restriction on the Commission's discretion imposed by the majority is neither required by the statute nor is it in the public interest. *N.J.S.A.* 11:15–6 limits the authority of the Commission to suspend employees to a maximum period of six months. *See Belleville v. Coppla*, 187 *N.J.Super.* 147, 157 (App.Div. 1982).[1] It does not contain any limitation on the authority of the Commission to deny back pay. The statute simply says, in part:

The [Commission's] decision shall state whether the removal of the employee is approved, or whether he is to be restored to his position without loss of pay, transferred to another position in the same class, fined, demoted, suspended without pay or with reduced pay, for a period not exceeding six months, or to be reprimanded or otherwise dealt with. [*N.J.S.A.* 11:15–6.]

---

[1] At oral argument we were told that the presumed reason for this six-month limit was that any greater period of suspension ties up local personnel management for an unacceptable period.

A denial of back pay is not a *de facto* suspension. *Belleville v. Coppla, supra,* 187 *N.J.Super.* at 159. It is therefore not to be equated with a suspension over six months. The Commission's regulation explicitly states that the Commission *"may award back pay * * * from the effective date of the * * * improper action to the date of the employee's actual reinstatement to the payroll."* *N.J.A.C.* 4:1–5.5(a) and (b) (emphasis supplied).

In addition, the public interest is better served by not adopting the majority's position. The *Cliff* Court's example of disobedient striking public employees demonstrates the point. 197 *N.J.Super.* at 317–18. A local agency faced with the majority's mandate to pay guilty employees for periods when no work is done must choose between economic exposure and deserved discipline even when the proof of guilt is clear. The public loses in that situation.

We therefore believe the *Feldman, Cliff* line of cases better serves public policy. If the public employer acts in bad faith in imposing the sanction, or is the cause of delay, it should pay the employee what was lost. If, without fault of the public employee, the appeal process drags on over six months, we should leave the issue to the sound discretion of the Civil Service Commission to consider the special circumstances and to balance the interests of the employee against that of the public.

We would not remand the *Cliff* case as the majority does and would reverse the judgment below.

*For affirmance* —Chief Justice WILENTZ and Justices CLIFFORD, HANDLER and POLLOCK—4.

*For reversal* —Justices O'HERN and GARIBALDI—2.