721 A.2d 743 (1999)
Robert HAMMOND, Appellant-Respondent,
v.
MONMOUTH COUNTY SHERIFF'S DEPARTMENT, Respondent-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1998.
Decided January 7, 1999.
*744 Robert J. Hrebek, Assistant County Counsel, County of Monmouth, for respondent-appellant.
Amy E. Weedman, for appellant-respondent (Giordano, Halleran & Ciesla, attorneys; Norman M. Hobbie, of counsel; Edward C. Bertucio, Jr., and Nicholas P. Kapur, on the brief).
Peter Verniero, Attorney General, for the Merit System Board (Andrea R. Grundfest, Deputy Attorney General, on the statement in lieu of brief).
Before Judges LONG, KESTIN and CARCHMAN.
The opinion of the court was delivered by KESTIN, J.A.D.
The Monmouth County Sheriff's Department (Sheriff) appeals from the Merit System Board's (Board) March 24, 1997 final decision dismissing disciplinary charges against County Correction Officer Robert Hammond. In reaching its decision, the Board adopted the findings of fact and conclusion of Administrative Law Judge Tassini articulated in an initial decision rendered on February 28, 1996. The Board ordered back pay and a restoration of benefits and seniority for the period of suspension as well as the payment of Hammond's counsel fees. We affirm.
Five charges had been preferred against Hammond on the local level in a preliminary notice of disciplinary action dated March 9, 1995:
1. Conduct unbecoming a public employee.
2. Discrimination that affects equal employment opportunity, including sexual harassment.
3. Verbal abuse of a co-worker.
4. Insubordination in connection with an investigatory interview.
5. Resisting supervisory authority in connection with an investigatory interview.
*745 A departmental hearing was held on April 4, 1995. The resulting final notice of disciplinary action dated April 20, 1995 stated that charges 1, 2 and 3 had been sustained, and that charges 4 and 5 had been dismissed. A ten-day suspension was ordered. After Hammond agreed in writing on April 25 to forfeit five vacation days in lieu of five suspension days, an amended final notice of disciplinary action was issued on April 27 to reflect a change in the period of suspension to five working days and five vacation days.
In the meantime, also on April 25, pursuant to N.J.S.A. 11A:2-14, Hammond filed an appeal with the Board from the disciplinary determination sustaining charges 1, 2 and 3 and suspending him. In accordance with the Administrative Procedure Act, N.J.S.A. 52:14B-9, -10, the matter was classified as a contested case and transmitted to the Office of Administrative Law for a hearing. On December 29, 1995, counsel for the Sheriff wrote Judge Tassini that he would "be seeking an enhanced penalty" when the case was presented. Judge Tassini responded: "I suggest that you notify your adversary ... of what specific `enhanced penalty' you expect to seek." Counsel wrote his adversary accordingly, "advis[ing] that the ... Sheriff will be seeking an enhanced penalty of a ninety (90) day suspension.... This enhanced penalty is sought because of the serious nature of the sexist remark made by [Hammond], his refusal to cooperate in an investigation of the incident and his extensive past disciplinary record."[1]
The matter came on for hearing on January 12, 1996. According to Judge Tassini's initial decision,
at that time, the appointing authority argued (essentially moving for amendment of its claim to add charges) that, in addition to charges 1, 2 and 3, the appellant should also be subject to prosecution on charges 4 and 5. The appellant objected to the appointing authority's motion. Administrative adjudication must be governed by principles of notice, due process and fundamental fairness. N.J.S.A. 52:14B-2(b) and (c), -10; Juzek v. Hackensack Water Co., 48 N.J. 302, 314-15 [225 A.2d 335] (1966); Department of Envtl. Prot. v. Stavola, 103 N.J. 425, 436 n. 2 [511 A.2d 622] (1986). N.J.A.C. 4A:2-2.6(d) requires that "[w]ithin 20 days of the [appointing authority's] hearing ... the appointing authority shall make a decision on the charges and furnish the employee ... with a Final Notice of Disciplinary Action," and thereby notify him of the charges he faces. The appointing authority's motion was inexcusably late; the addition of charges to those in the final notice was contrary to the express requirement of N.J.A.C. 4A:2-2.6(d); and the appellant would have had no time to prepare for the additional charges. Therefore, the appointing authority's motion was denied. The case was then heard and the record was kept open until February 6, 1996, to allow the attorneys to submit written summations.
Based upon the testimony of nine officers in the Sheriff's department and a county personnel officer, Judge Tassini made mediate findings of fact and an ultimate finding:
Balancing all of the credible evidence and considering the demeanor of the witnesses, [the complaining officer] was not credible in her testimony describing the alleged incident and the appointing authority has not proven that the appellant committed the acts charged.
The judge also found, contrary to earlier intimations by counsel for the Sheriff, that Hammond "has not previously been the subject of major disciplinary action." Judge Tassini concluded that "the appointing authority has not met its burden of proof and the charges must be dismissed with prejudice."
In accepting the administrative law judge's findings and conclusion in the light of the Sheriff's exceptions and Hammond's cross-exceptions, the Board focused on the judge's credibility determinations. On the *746 authority of Public Advocate v. Board of Public Utilities, 189 N.J.Super. 491, 460 A.2d 1057 (App.Div.1983), and In re Silberman, 169 N.J.Super. 243, 404 A.2d 1164 (App.Div. 1979), aff'd, 84 N.J. 303, 418 A.2d 266 (1980), it deferred to those findings; and it adopted the initial decision.
On appeal, the Sheriff challenges the credibility determinations and evaluations of the witnesses' testimony. One evidentiary ruling is also disputed.
Our review of the Board's decision is governed by the substantial evidence rule. According appropriate respect to the agency's expertise, we are obliged to affirm, if "`the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering `the proofs as a whole,' with due regard to the opportunity of the one who heard the witnesses to judge of their credibility." Close v. Kordulak Bros., 44 N.J. 589, 599, 210 A.2d 753 (1965) (quoting State v. Johnson, 42 N.J. 146, 162, 199 A.2d 809 (1964)). See also Clowes v. Terminix Int'l Inc., 109 N.J. 575, 587, 538 A.2d 794 (1988); Gloucester County Welfare Bd. v. New Jersey Civil Service Comm'n, 93 N.J. 384, 390-91, 461 A.2d 575 (1983); Henry v. Rahway State Prison, 81 N.J. 571, 579-80, 410 A.2d 686 (1980). The substantial evidence test is clearly satisfied in this case; and the Board was well warranted in relying upon the administrative law judge's credibility determinations and other findings of fact. See, e.g., Carpet Remnant Warehouse v. Department of Labor, 125 N.J. 567, 587, 593 A.2d 1177 (1991); Clowes v. Terminix Int'l Inc., supra, 109 N.J. at 587-88, 538 A.2d 794.
The challenge to Judge Tassini's evidentiary ruling is without merit. His determination to permit testimony regarding past conversations between Hammond and the female complaining witness was, in the circumstances depicted, well within his discretion.
The Sheriff argues also that "it was error to prohibit the appointing authority from proceeding on the five original charges below in the preliminary notice of disciplinary action in this de novo hearing and review before the Merit System Board." This argument is premised upon the de novo nature of the hearing before the Board, East Paterson v. Civil Service Dept., 47 N.J.Super. 55, 64, 135 A.2d 213 (App.Div.1957); see also In re Morrison, 216 N.J.Super. 143, 151, 523 A.2d 238 (App.Div.1987); Grasso v. Borough Council of Glassboro, 205 N.J.Super. 18, 25, 500 A.2d 10 (App.Div.1985), certif. denied, 103 N.J. 453, 511 A.2d 639 (1986); cf. Henry v. Rahway State Prison, supra, 81 N.J. at 579, 410 A.2d 686; West New York v. Bock, 38 N.J. 500, 513 n. 3, 186 A.2d 97 (1962), and a literal reading of statements such as "[t]he de novo hearing on the administrative appeal is limited to the charges made below." Id. at 522, 186 A.2d 97.
We are in substantial agreement with the reasons articulated by Judge Tassini, adopted by the Board, for denying the Sheriff's motion in this regard essentially on procedural grounds. There is, as well, a substantive basis for reaching the same result.
It is clear that the right to appeal to the Merit System Board belongs to the employee. See N.J.S.A. 11A:2-14 ("[T]he employee shall have a right to appeal to the board."); N.J.S.A. 11A:2-15 (Appeals are from "adverse actions" of the appointing authority.); cf. Communications Workers of America v. New Jersey Dep't of Personnel, 154 N.J. 121, 126, 711 A.2d 890 (1998) ("The goal of the Act is to secure the appointment and advancement of civil service employees based on their merit and abilities."); Prosecutor's Detectives and Investigators Ass'n v. Hudson County Bd. of Chosen Freeholders, 130 N.J.Super. 30, 41, 324 A.2d 897 (App. Div.), certif. denied, 66 N.J. 330, 331 A.2d 30 (1974) (The Act "provides relief against arbitrary action by the public employer that deprives the employee of his rights under [law]."). No provision of law empowers the public employer to prosecute charges before the Board which the appointing authority has, itself, dismissed after the required local disciplinary proceedings have been held. Cf. N.J.S.A. 11A:2-13, -14, -15; City of *747 Orange v. DeStefano, 48 N.J.Super. 407, 419-20, 137 A.2d 593 (App.Div.1958).
The Board, in its statement in lieu of brief, offers Cliff v. Morris County Bd. of Social Services, 197 N.J.Super. 307, 484 A.2d 1275 (App.Div.1984), as suggesting that it could have considered the dismissed charges and that the matter should now be remanded for that purpose.[2] The Board stresses our holding in Cliff that the Board's predecessor, the Civil Service Commission (Commission), possessed broad statutory authority, "including the right to investigate an employee's removal on its own motion, N.J.S.A. 11:15-4," id. at 316, 484 A.2d 1275, thereby empowering it "to consider all aspects of the case anew." Ibid. The Board's citation of Cliff, however, fails to note that the decision was reversed on a different, but related, issue by the Supreme Court at 101 N.J. 251, 501 A.2d 923 (1985), and remanded to the Commission for reconsideration in the light of Steinel v. City of Jersey City, 99 N.J. 1, 489 A.2d 1145 (1985). The decisional rationale of Steinel undermines the proposition which the Board advances.
Even if the reversal of Cliff had not occurred, that case would be inapposite here. The cited holding may be read to establish that the Commission was authorized, as a discretionary exercise in an appeal from the local sustainment of disciplinary charges, to examine other charges which had been dismissed by the appointing authority.[3] It does not stand for the proposition that the Commission was required to consider such charges at the appointing authority's behest, as is contended here. Moreover, we did not hold that the Commission, once it had expressly determined in the course of deciding a matter before it not to expand the scope of its consideration, could thereafter impugn its own adjudication in the appointing authority's appeal from that "final administrative action," as it seeks to do here.
Manifestly, an appeal to the Merit System Board is from the final notice of disciplinary action issued by the appointing authority. The Civil Service Act mandates review only of the adverse decision of the appointing authority as stated in the final notice of disciplinary action, since that is what the employee appeals to the Board. To hold that the appointing authority, on appeal, is entitled to broaden the charges as determined on the local level, would be to surcharge the right to appeal with a cost which violates any decent sense of due process or fair play. See In re Disciplinary Hearing of Bruni, 166 N.J.Super. 291, 399 A.2d 997 (App.Div.1997); cf. Chaffin v. Stynchcombe, 412 U.S. 17, 24-25, 93 S.Ct. 1977, 1981-82, 36 L.Ed.2d 714, 722 (1973). Here, furthermore, the Board held the Sheriff to be barred from proceeding on the dismissed charges. That determination in the Board's "final administrative action" adopting the administrative law judge's initial decision, rendered in an adjudicatory framework, must be viewed as defining the rights of the parties in this matter at least to the extent of binding the Board to the result in the absence of some regular adjudicative exercise.
Affirmed.
NOTES
[1] The Sheriff's determination to seek an enhanced penalty for the charges upheld on the local level has since been abandoned.
[2] During the pendency of this appeal, we denied the Board's motion to remand the matter for further consideration of the previously dismissed charges.
[3] It is an open question whether modifications in the statutory scheme effected subsequently in the broad reform enacted in the Civil Service Act of 1986, N.J.S.A. 11A:1-1 to:12-2, have, in any particular, expanded, diminished, or maintained the prerogatives of the Board in considering appeals from the disciplinary actions of local bodies. Compare, e.g., N.J.S.A. 11:15-5 with N.J.S.A. 11A:2-18, and N.J.S.A. 11:15-4 with N.J.S.A. 11A:2-6(f), -14, -15.