**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0885-17T3

ANN T. SEIDERMAN,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and NEW BRUNSWICK
BOARD OF EDUCATION,

     Respondent.

_____

Submitted January 15, 2019 – Decided January 29, 2019

Before Judges Geiger and Firko.

On appeal from the Board of Review, Department of Labor, Docket No. 109,537.

Oxfeld Cohen, PC, attorneys for appellant (Samuel B. Wenocur, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Aimee Blenner, Deputy Attorney General, on the brief).

Respondent New Brunswick Board of Education has not filed a brief.

PER CURIAM

Ann T. Seiderman appeals from a final agency decision of the Board of Review (Board), finding her disqualified from unemployment benefits after determining she left work voluntarily from the New Brunswick Board of Education (BOE) without cause attributable to her work. Seiderman argues that she established good cause within the meaning of N.J.S.A. 43:21-5(a), thereby entitling her to unemployment benefits. Since the Board's decision was based upon facts within the record and was consistent with relevant law, we affirm.

I.

Seiderman was employed by the BOE at the Lord Stirling Community School as a resource center teacher from September 2005 through December 31, 2016, when she resigned from her position in lieu of tenure charges being brought against her. The charges stated, "despite numerous meetings between [] Seiderman and Board personnel, [her] overall instruction and management did not improve." Two Corrective Action Plans were created in September 2014 and September 2015 as attempts to correct her "unsatisfactory professional competency as evidenced by the Teacher Practice Rubric." The three domains in the rubric included: planning and preparation, classroom environment, and

instruction. Between September 2014 and September 2016, she had twenty-four classroom visits. Formal observations took place on six occasions and Seiderman repeatedly was given scores of "emerging" and "basic." Corrective plans were unsuccessful. Her salary increment for the 2015-2016 academic year was withheld because of her poor performance.

In July 2016, Seiderman was offered a paraprofessional position subject to BOE approval. Seiderman refused to accept this position, even though she was informed that the district would proceed with tenure charges because she was not meeting proficiency levels. Consequently, tenure charges for inefficiency were brought against her in October 2016 pursuant to N.J.S.A. 18A:6-17.3. Seiderman was notified that the BOE would review the tenure charges at its November 15, 2016 meeting. She submitted her resignation on November 14, 2016, with an effective date of December 31, 2016.

On January 13, 2017, the Department of Labor (DOL) issued a Notice of Determination, finding Seiderman was disqualified from receiving unemployment benefits as of January 1, 2017. The examiner concluded that "possible disciplinary action for tenure charges regarding performance" did not constitute good cause, and there was no evidence that her termination was "imminent." Seiderman filed an administrative appeal with the Appeal Tribunal

(Tribunal), which upheld the DOL's decision. The Board affirmed the Tribunal's decision.

On appeal, Seiderman argues that the Board's decision was arbitrary and capricious. She contends that she was denied a fair hearing because of hearing adjournments improvidently granted by the Tribunal examiner, and because the BOE was allowed to raise the issue of her refusal to perform suitable work for the first time during the May 30, 2017 hearing, resulting in prejudice to her.

Our scope of review of a determination of an administrative agency is limited. In re Stallworth, 208 N.J. 182, 194 (2011). We accord substantial deference to the agency's interpretation of a statute it is charged with enforcing. Bd. of Educ. of Neptune v. Neptune Twp. Educ. Ass'n, 144 N.J. 16, 31 (1996). We will not disturb an agency's ruling unless it is arbitrary, capricious, or unreasonable. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "If the factual findings of an administrative agency are supported by sufficient credible evidence, [we] are obliged to accept them." Self v. Bd. of Review, 91 N.J. 453, 459 (1982).

II.

Seiderman argues that the Tribunal's granting of adjournments deprived her of a fair hearing because:

4

[BOE] had been put on notice that the parties could retain attorneys[;] [BOE] failed [to] request the adjournment in writing before the hearing[;] [BOE]'s request was not for an exceptional situation as it was reasonably foreseeable that Seiderman would retain legal counsel for the hearing[;] Additionally, a witness did not have the authority to request an adjournment for a party.

She contends the first adjournment request, relative to the telephonic February 16, 2017 hearing, "penalized" her and "rewarded" the BOE, thereby "corrupt[ing] [her] appeal as to have rendered it unreliable." Seiderman argues that after she and a BOE representative testified, a BOE witness, Marnie McKoy, requested an adjournment to allow the BOE to retain counsel. The examiner granted the adjournment request and postponed the hearing until April 11, 2017. As to the adjournment of the April 11 hearing, Seiderman argues this was "an egregious mistake," and since the BOE failed to appear, the examiner should have closed the case, and the BOE should have been compelled to reopen it.[1] In reply, the BOE argued it did not appear on April 11 because it was closed for spring break. We disagree with Seiderman that the adjournments were improvidently granted.

---

[1] N.J.A.C. 1:12-18.4 requires a party requesting to reopen their case to do so "as promptly as possible." Each party then has ten days to submit written arguments. The Tribunal will then schedule a hearing, and issue an amended decision or deny the request with an order explaining its reasons for doing so.

A-0885-17T3

The power to grant an adjournment for a hearing rests solely with the Tribunal.  N.J.A.C. 1:12-9.2.  The code states:  "[r]equests for adjournment of hearings schedule[d] before the [] [T]ribunal shall be made to the [] [T]ribunal which shall use its best judgment as to when adjournments of hearings shall be granted in order to secure all facts that are necessary and to be fair to the parties."  Ibid.  The hearing notice provides that postponement requests "should be in writing and received by the Tribunal no later than [twenty-four] business hours prior to the start of the hearing."

Although the BOE was "on notice" of the first hearing date and its right to retain counsel, we are satisfied from our review of the record that the BOE and McKoy were unaware that Seiderman would be represented by counsel.  McKoy persuasively argued that these hearings do not typically involve counsel.  Here, the addition of counsel "elevate[d] the level of conversation and . . . put [] the [BOE] at a disadvantage because [it did not] have the ability to hav[e] [its] counsel [t]here to guide [it] as [did] [Seiderman]."  We agree and find no abuse of discretion by the examiner in granting the first adjournment request and no resulting prejudice to Seiderman.

As to the adjournment of the second hearing date, the BOE did not appear because its office was closed for spring break.  Counsel for Seiderman sent a

6

letter to the examiner in advance thereof requesting that the matter be heard peremptorily on April 11. The record does not reveal that consent was sought or given by the BOE or the examiner for a peremptory designation. There was a justifiable reason, i.e., spring break, for the examiner to adjourn the hearing again. We find no evidence in the record to support Seiderman's contention that the examiner violated her duty under N.J.A.C. 1:12-9.2 or that any prejudice resulted.

During the May 30, 2017 telephonic hearing, the BOE raised the "refusal of suitable work" issue for the first time, and the examiner adjourned the matter until July 5, 2017, to provide Seiderman with an opportunity to respond. Again, the adjournment request was within the discretion of the examiner and actually inured to Seiderman's benefit. As to the merits of the "refusal of suitable work" argument, this court is not required to address it because it was not raised below. See Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 2:6-2 (2019) ("The rule that issues not raised below will not be considered on appeals applies as well to review of administrative agency decisions."). Because of the importance of this issue, we will address it.

Seiderman argues that the Board erred by considering testimony on the refusal of suitable work on review because it was outside the scope of the appeal.

We note that when this issue was presented, Seiderman's counsel did not object to the testimony when it was first introduced at the July 2017 hearing. She further claims "an employer cannot raise an issue outside the scope of an administrative appeal." Relying on Town of West New York v. Bock, 38 N.J. 500, 522 (1962), and Hammond v. Monmouth Cty. Sheriff's Dep't, 317 N.J. Super. 199, 204-05 (App. Div. 1999), she claims that an employee cannot be tried for charges in the absence of notice, and that the right to an appeal belongs to the employee. The cases cited by Seiderman are factually distinguishable. Unlike Town of West New York, where the employee did not receive notice of a charge against him, Seiderman was provided with notice of tenure charges. The "new" issue of refusal to accept suitable work was introduced by the BOE as a defense to her benefits claim, and not as a separate "charge" against her. Hammond is also distinguishable. There, we stated that police officers have a right to appeal to the Merit System Board to ensure that promotions are based on employees' merit and abilities. Hammond, 317 N.J. Super. at 205.

We are also unpersuaded by Seiderman's argument that In re Am. Reliance Ins. Co., 251 N.J. Super. 541, 557 (App. Div. 1991) supports her position because in that case, an order executed two months after the appeal was filed, was determined to be outside the scope of the appeal. In Byram Twp. Bd. of

Educ. v. Byram Twp. Educ. Ass'n, 152 N.J. Super. 12, 28 (App. Div. 1977), a teacher's contract case cited by Seiderman, we found that certain proposals to a new contract were outside the scope of the appeal because they were already determined to not be mandatorily negotiable. That case has no precedential value to this case.

Here, the facts surrounding Seiderman's refusal to accept other suitable work was an important factor in determining whether she resigned from her employment with good cause. Seiderman's refusal to accept the alternative employment offered to her was initiated by the examiner's questioning of McKoy to ascertain the basis of Seiderman's resignation. McKoy testified that Seiderman "declined a position that [the BOE] offered her as a paraprofessional and opted to resign in lieu of having the tenure charges brought against her." McKoy's testimony was clearly within the scope of this appeal, and we find no error by the examiner on this issue.

Seiderman also argues that the examiner relied on testimony from McKoy even though she was not present during pertinent discussions regarding Seiderman's employment situation. We note that the Tribunal is not confined to the "common law or statutory rules of evidence and other technical rules of procedure." N.J.S.A. 43:21-6(f). In addition, N.J.A.C. 1:12-15.1(b) provides

9

that "hearsay evidence shall be admissible and accorded whatever weight the examiner deems relevant, appropriate, and reasonable under the circumstances." The decision must be supported by "sufficiently substantial and legally competent evidence[,]" notwithstanding the hearsay evidence, however. Ibid. Seiderman was extended a written offer in July 2016 for the paraprofessional position that was provided to the examiner. Therefore, the examiner's decision was not solely based on McKoy's testimony.

Moreover, the review by the Board "may be heard upon the evidence in the record made before the [Tribunal] . . . ." N.J.A.C. 1:12-14.3(a). Therefore, there was no error in the Board considering McKoy's testimony.

The Tribunal issued its final decision on August 1, 2017, upholding the DOL decision to disqualify Seiderman from receiving unemployment benefits. On September 25, 2017, the Board affirmed the Tribunal's finding that Seiderman "left work voluntarily for disqualifying reasons," but modified the date of disqualification to December 25, 2016.

III.

The New Jersey Unemployment Compensation Law (the Act) provides that a person is disqualified from receiving unemployment benefits "[f]or the week in which the individual has left work voluntarily without good cause

attributable to such work . . . ." N.J.S.A. 43:21-5(a). A person who voluntarily quits work for personal reasons, as opposed to causes attributable to the work, is ineligible for benefits. See Self, 91 N.J. at 456-57.

"'Mere dissatisfaction with working conditions which are not shown to be abnormal or do not affect health, does not constitute good cause for leaving work voluntarily.'" Domenico v. Bd. of Review, 192 N.J. Super. 284, 288 (App. Div. 1983) (quoting Medwick v. Review Bd., 69 N.J. Super. 338, 345 (App. Div. 1961)). An employee's "decision to leave employment must be compelled by real, substantial and reasonable circumstances not imaginary, trifling and whimsical ones." Ibid. Moreover, "it is the employee's responsibility to do what is necessary and reasonable in order to remain employed." Ibid. (citing Condo v. Review Bd., 158 N.J. Super. 172, 175 (App. Div. 1978)).

Seiderman contends that she involuntarily resigned because she felt forced by her employer to choose between resigning and being terminated because of tenure charges against her. We are not persuaded by her arguments.

An employee who resigns in the absence of objective factors or conditions within the work environment demonstrating imminent danger of termination leaves work without good cause attributable to the work. See Brady, 152 N.J.

11

at 219; see also Trupo v. Bd. of Review, 268 N.J. Super. 54, 61-62 (App. Div. 1993).

In sum, the Board's decision that Seiderman was ineligible for unemployment benefits was supported by substantial, credible evidence, and we find no reason to disturb it.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0885-17T3